## CRISMON, COLLECTOR, *v.* TUFTS.

A JUSTICE OF THE PEACE HAS NO POWER TO CERTIFY TO THE DISTRICT COURTS FOR TRIAL causes which he has no jurisdiction to try. Where by an answer filed with the justice issues are raised which the justice has no jurisdiction to try, his only power is to dismiss.

APPEAL from the third district court. The opinion states the facts.

*Zerubbabel Snow*, for the appellant.

A justice of the peace has jurisdiction in suits for taxes, when the sum claimed is less than three hundred dollars; but if the answer of the tax-payer puts in issue the legality of the tax sued for, the justice must certify the case to a court having jurisdiction to hear and determine said issue. The district court, therefore, erred in holding it had not jurisdiction, and dismissing this case.

From all final judgments of justices of the peace an appeal shall be allowed to the district courts of their respective districts in the same manner as is now provided by the laws of said territory for appeals to the probate courts.

We maintain that the judgment of the justice of the peace, holding that the legality of the tax sued for was involved, was a final judgment within the meaning of that term as used in the Poland bill; and certifying the case up to the district court is one of the means of appeal expressly authorized by the last-named act. So far as the justice's court was concerned, it was final; though it did not determine the right parties in the subject of the action, it did determine that the parties could not have a judgment either way before that justice's court.

It is not necessary to discuss the distinction between interlocutory and final judgments. Great inconveniences will arise in suits for taxes if the defendant can, by simply denying the legality of the tax, oust the proceeding and throw the costs on the officer.

*Sheeks & Rawlins*, for the respondent.

The only authority given to a justice to certify a case to a

higher court before judgment is contained in complied laws, sec. 1762, and then it is not to the district, but to the probate court.

The Poland bill simply changed the forum to which an appeal from a "final judgment" in a justice's court might be taken, and contains no authority to a justice to certify a case to the district court before a final judgment.

The result is that a justice of the peace, finding himself without jurisdiction of a case, can not transfer the parties and cause into the district court, and that is not a method which the law recognizes by which the latter court may acquire jurisdiction of the case. If this be a cásus omissus, it is one which the legislature, and not the courts, must supply.

EMERSON, J.:

The appellant is collector of taxes for Salt Lake county, and brought suit in a justice's court against the defendants to recover the taxes assessed against them for the years 1875, 1876, and 1877. The defendants demurred and answered. The demurrer was overruled by the justice, and is in no way involved in this appeal. The answer put in issue the validity of the tax for each year named. Upon filing the answers, the justice, at the request of the appellant's attorney, certified the case to the district court for trial. In the district court the respondents, appearing for that purpose only, moved to dismiss the case on the ground—1. That the court has no jurisdiction over the subject-matter of this action or of the parties hereto; 2. That the justice had no power to certify the case to this court.

This motion was sustained and the case dismissed, which is the only matter assigned as error here.

Section 537 of the practice act, relating to proceedings in justices' courts, provides that "the parties shall not be at liberty to give evidence upon any question * * * involving the legality of any tax, * * * nor shall any issue presenting such question be tried by the justice; and if it appear from the plaintiff's own showing on the trial, or from the answers of the defendant verified by his oath, that the determination of the action will necessarily involve either of

such questions, the justice shall suspend all further proceedings in the action and certify the pleadings, or if the pleadings be oral, a transcript of the same from his docket to the probate court for the county, and from the time of filing such proceedings or transcript with the clerk of the probate court, such probate court shall have over the action the same jurisdiction as if it were originally commenced therein."

The legislature could not confer this jurisdiction upon the probate courts. This question has been set at rest by repeated decisions. That portion of the above-quoted section which provides that the justice shall certify certain causes to the probate court, and giving that court jurisdiction over them, is null and void. This does not, however, affect that portion of the section which in express terms and unqualifiedly forbids the justice from trying any such issues as are raised by the pleadings in this case: *Lyman v. Martin*, 2 Utah, 136.

· The authority of a justice of the peace to certify any case to a higher or any other court must be found in some provisions of the law, or it does not exist. The only authority of this kind ever attempted to be given in this territory is found in the void provision above referred to. Section 3 of an act of congress, in relation to courts and judicial officers in this territory, simply changed the forum to which an appeal from a final judgment in a justice's court might be taken. Certifying a case to another court is not a final judgment from which an appeal can be taken. No attempt was made to appeal from the order of the justice in this case. The order certifying the case was not equivalent to or in the nature of an appeal. There being no law in this territory authorizing such a proceeding, a justice of the peace finding himself without jurisdiction can not transfer the cause and the parties to it into the district court, as that is not a method which the law recognizes by which the latter court may acquire jurisdiction.

When the sworn answer was filed in the justice's court, raising issues which that court was by express provisions of the statute forbidden to try or receive any evidence upon, he should have dismissed the case, as he would in any other case when he finds he has no jurisdiction. If inconvenience and

delay will result from this holding, as is argued by counsel, relief must be sought from the legislature, and not from the courts.

The judgment of the court below is affirmed.

HUNTER, C. J., and TWISS, J., concurred.