SCHULTZ v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Appeal: FROM JUSTICE'S COURT : AMOUNT IN CONTROVERSY : REMITTITUR. In an action in justice's court plaintiff claimed forty dollars, and the jury brought in a verdict for that amount, whereupon plaintiff remitted all but $24.99, and judgment was entered for that amount; but before judgment was entered defendant filed an appeal-bond. *Held* that the amount in controversy for the purposes of an appeal from the judgment was only $24.99, and that, therefore, an appeal would not lie ; and that it was immaterial whether the bond was filed before or after the *remittitur*, since there could be no appeal until after judgment, and the bond could be of no effect before its rendition. (Compare *Milner v. Gross*, 66 Iowa, 252).

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

FILED, SEPTEMBER 10, 1888.

THIS action was brought before a justice of the peace, where a trial was had by jury, and a verdict was rendered for the plaintiff for forty dollars. The suit was founded upon a claim for damages for killing a cow by a train on the defendant's railroad. After the verdict was returned, the plaintiff filed a *remittitur* of all the claim

in excess of $24.99. Judgment was entered for that amount. The defendant appealed to the district court. Plaintiff moved to dismiss the appeal. The motion was overruled, and plaintiff appeals.

*Carroll & Davis*, for appellant.

*Thomas S. Wright* and *Lafferty & Morgan*, for appellee.

ROTHROCK, J.—The cause involves less than one hundred dollars, and it comes to us upon the following certificate of the trial judge: "I, D. Ryan, judge, before whom the above-entitled cause was tried, do certify that the determination of said cause involves a question of law upon which it is desirable to have the opinion of the supreme court,—the amount in controversy being less than one hundred dollars,—and the following questions of law are involved in this cause, to-wit: Where an action is brought before a justice of the peace, claiming forty dollars as damages for the negligent killing of a cow by defendant, trial is had before a jury, and the jury returns a verdict in favor of the plaintiff for the sum of forty dollars, and just as soon as the jury returns their verdict into court the plaintiff files a *remittitur*, sworn to by plaintiff, remitting all the verdict in excess of twenty-four and ninety-nine one-hundredths dollars, and makes no further claim against defendant for the amount in excess of twenty-four and ninety-nine one-hundredths dollars. This was done at the time the verdict was returned by the jury, and before it was made of record by the justice in his docket; and the justice afterwards entered judgment in his docket for twenty-four and ninety-nine one-hundredths dollars. And where the defendant files an appeal-bond, with securities thereto, before the judgment is entered up in said cause by the justice before whom the case was tried, and the justice allowing the appeal to the district court, the plaintiff files a motion in the district court to dismiss defendant's appeal, for the reason that the

amount in controversy is less than twenty-five dollars, the court overruling the motion to dismiss the appeal in said cause. And where the justice's transcript of the judgment shows that the appeal-bond was entered in making up his docket before the entry of the *remittitur* on the docket. It does not appear which was filed first,—the defendant's appeal-bond or plaintiff's *remittitur*. Under all the facts as stated above, should the plaintiff's motion to dismiss the appeal be sustained or overruled, the court overruling said motion and plaintiff excepting at the time to said ruling. The foregoing certificate was made and signed at the time the decision was made in said cause. D. Ryan, Judge."

A question is made as to the order of time in which the appeal-bond and the *remittitur* were filed. We do not think this question is material to the rights of the parties. The appeal-bond was filed before the judgment was rendered. In strictness, the time had not arrived to appeal. The appeal is from the judgment, and not from the verdict. But the appeal-bond would no doubt become operative on the judgment, though filed before the judgment was rendered. But it is to be regarded as filed after judgment. One thing is certain, the *remittitur* was filed before judgment. This brings the case squarely within the rule of *Milner v. Gross*, 66 Iowa, 252, and cuts off the right of appeal, because the amount in controversy when the appeal is taken determines the right thereto. We think the motion to dismiss the appeal should have been sustained.

REVERSED.