## EVANS v. PHELPS.

**District Court:** JURISDICTION : CAUSES TRANSFERRED BY CONSENT FROM JUSTICES' COURTS. There is no provision in the statutes, and therefore no warrant for the transfer to the district court of causes begun in justices' courts, except by appeal; and the district court has no jurisdiction to entertain such a cause transferred to it by consent, but should dismiss it upon motion of one of the consenting parties.

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FILED, MAY 18, 1889.

THIS suit was originally commenced before the mayor of the city of Oskaloosa. The venue of the action was changed to a justice of the peace, where there were two trials by jury, in both of which the jury failed to agree upon a verdict. Thereupon the counsel for the parties entered into an agreement to transfer the cause to the district court for trial. The cause was docketed in the district court, and the defendant moved the court to dismiss it, upon the ground that the transfer of the cause was unauthorized by law, and conferred no jurisdiction on the district court. The motion to dismiss was sustained, and plaintiff appeals.

*James A. Rice,* for appellant.

*Blanchard & Preston* and *Haskell & Greer,* for appellee.

Evans v. Phelps.

ROTHROCK, J.—The action was upon an account for money received. The amount in controversy was fifty dollars, and the appeal comes to us upon a certificate of the trial judge, in which the question for determination is, in substance, whether the agreement to transfer the cause to the district court for trial was binding on the defendant, and whether the stipulation invested the court with jurisdiction of the cause. It is provided by section 3575 of the Code, that any person aggrieved by the final judgment of a justice of the peace may appeal therefrom. The jurisdiction of our courts is prescribed by statute, and there is no provision made for the transfer of actions of this kind from a justice of the peace to the district court. On the contrary, the statute contemplates that a cause of this character, once commenced before a justice of the peace, shall proceed to a final determination, and the only provision made for transferring it to the district court is by appeal. The plaintiff may, of course, dismiss his action and commence it anew in any other court having jurisdiction. The question presented in this case has not been heretofore determined by this court. We reach the conclusion that the district court did not have jurisdiction of the cause, for the reason that the transfer does not appear to be authorized by any provision of the statute. It is not allowable under the practice act prescribed for justices of the peace, nor by any provision of the statute for change of place of trial from one court to another. The disposition of the case renders it unnecessary to determine the questions presented by appellee upon motions to dismiss the appeal.

AFFIRMED.