City of Kansas v. Ford.

THE CITY OF KANSAS v. FORD *et al.*, *Appellants.*

1. **Jurisdiction: PRACTICE.** Courts of general jurisdiction, when engaged in the exercise of special and limited statutory powers are confined strictly to the authority given; and jurisdiction must appear upon the face of their proceedings.

2. ————: ————. Before the Jackson circuit court can acquire jurisdiction of an appeal from the mayor's court of Kansas City in a street condemnation case, it must appear that a verdict was rendered in the mayor's court, and an appeal taken therefrom.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, JUDGE.

REVERSED.

*Frank Titus* for appellants.

BRACE, J.—It appears from the record in this case that on the twenty-fourth of July, 1886, the city of Kansas passed an ordinance (number 34,482) providing for the widening of Tracy avenue from Sixth street to Independence avenue, and prescribing the limits within which private property should be deemed to be benefited by the proposed improvement; that notices were issued and served upon certain owners of property to bo

taken for the purposes of such improvement, among whom were the appellants herein, Ford and Hunt, and a summons for a jury to assess the damages for such property was issued by the mayor under the provisions of the charter of said city (art. 7, sec. 2, p. 244, Acts, 1875), returnable March 23, 1887; on which day return was made of the summons, the jury empanelled and sworn, and, being unable to complete their labors, the proceedings were continued by order of the mayor until March 25, 1887; on which day, the jury appeared in said court, and the ordinance and plat upon which the proceedings were being carried on were offered in evidence, and proof of publication made against certain parties. On the first of April, 1887, this jury was discharged, and the proceedings continued to the twelfth of April, 1887, and, on the eleventh, a summons was issued for another jury returnable on the twelfth, on which day, the second jury appeared, was sworn, instructed to view the property, and, being unable to complete its labors, the proceedings were continued until the thirteenth of April, 1887. On the thirteenth, the jury and some of the parties appeared, a juryman was discharged, and another sworn in his place, and it was ordered by the court "that this matter and all proceedings herein be continued until Monday, May 2, 1887, at 10 of the clock, on the forenoon, at," etc., and, with this order, ends the proceedings at the mayor's court so far as this record shows.

At the January term, 1888, and on the tenth day of March, 1888, this case opens up in the circuit court of Jackson county with the following entry : " In the matter of condemnation proceedings of Tracy Avenue from Sixth street to Independence avenue under ordinance of the city of Kansas. Now at this day comes defendant, A. Ford, by attorney and files herein his motion to quash proceedings, and said defendant, A. Ford, also files herein his special answer.

One of the grounds of this motion was "that no valid judgment has ever been rendered therein before the mayor of the city of Kansas." On the twelfth of March following, this motion was overruled, a jury was selected, and, thereafter, a trial was had in said circuit court which resulted in a verdict and judgment condemning the property of appellants Ford and Hunt, for the public use set out in the ordinance. Their motions for a new trial and in arrest of judgment having been overruled, they appeal.

The only method, by which the circuit court of Jackson county could have acquired jurisdiction to render the judgment appealed from in this case, was by appeal from the verdict in the mayor's court, under the provisions of the city charter, *supra*. Section 6 of the charter provides, that: "In case the city or any defendant to such proceedings shall feel aggrieved by the verdict of the jury, such party so aggrieved may, within twenty days from the time the verdict is confirmed by the common council, appeal to the circuit court in and for the county of Jackson in this state. If the appeal is taken by either party, the same shall be taken and perfected by the filing with the clerk of the city within the time aforesaid such an affidavit as is required by law in appealing from the judgment of a justice of the peace. If any appeal is so taken, the clerk of the said city shall, within six days from the taking of such appeal, file a complete transcript of the proceedings * * * with the clerk of the circuit court; and said circuit court shall thereupon become possessed of the cause, and said cause, unless dismissed, shall be tried *de novo* in said court," etc. Acts, 1875, p. 247.

It failing to appear that any verdict was ever rendered in the mayor's court, or that an appeal was ever taken from any such verdict, it fails to appear that the circuit court had jurisdiction to render the judgment from

which the appellants appeal to this court. Courts of general jurisdiction, when engaged in the exercise of special and limited statutory powers, are confined strictly to the authority given, and jurisdiction must appear upon the face of their proceedings. *Harris v. Hunt*, 97 Mo. 571; *Railroad v. Campbell*, 62 Mo. 585; *Ellis v. Railroad*, 51 Mo. 200.

The judgment is reversed. All concur except RAY, C. J., absent; BARCLAY, J., in the result.