97   687
f107  242

97   687
l113  572

97   687
l127  579

## John Knox v. William Nicoli, Appellant.

**Entry of Judgment by Justice.** A judgment upon the verdict of a jury in a justice court, returned at 9 o'clock at night, may, under Iowa Code, section 3552, providing that judgment must be entered *forthwith*, be properly entered the next morning.

**Filing appeal bond.** An appeal bond filed before a judgment is rendered, must be regarded as filed after judgment.

**Appeal to District Court: Remittitur.** An appeal will not lie from a justice court to the district court, where, before the entry of judgment a remittitur is filed, reducing the amount in controversy to less than twenty-five dollars, even though the appeal bond is filed and approved before the filing of such remittitur. There could be no appeal until a judgment was rendered.

*Appeal from Keokuk District Court.*—Hon. Ben McCoy, Judge.

### Saturday, April 11, 1896.

*C. M. Brown* for appellant.

No appearance for appellee.

Kinne, J.—I. This cause, involving less than one hundred dollars, comes to this court upon the certificate of the district court, the material facts of which are as follows: Plaintiff commenced an action, claiming eighty-five dollars. Defendant filed a general denial and a counter-claim in the sum of fifty dollars. The counter-claim was stricken out on motion of the plaintiff. The jury, at 9 o'clock p. m., returned a verdict for the plaintiff of forty dollars; whereupon the defendant tendered an appeal bond, which was filed and approved by the justice. The judgment on the verdict was not rendered until the next morning, when it was entered for forty dollars.

Prior, however, to the actual entry of the judgment by the justice, a remittitur was filed by the plaintiff, of all demands sued on in excess of twenty-four dollars and fifty cents, and judgment was asked for said amount. The justice allowed an appeal. In the district court, plaintiff moved to dismiss the appeal because the amount in controversy was less than twenty-five dollars, which motion was sustained, and the court rendered a judgment against the defendant for costs. The only question upon which the opinion of this court is sought, is as to whether, under such facts, the motion to dismiss the appeal, was properly sustained.

II. No appeal lies from the verdict of a jury. There must be a judgment entered by the justice, before an appeal can be taken. Code, section 3575; *Kimble v. Riggin*, 2 G. Greene, 245; *Brown v. Scott*, Id. 454; *Guthrie v. Humphrey*, 7 Iowa, 23. And see *Evans v. Phelps*, 77 Iowa, 526 (42 N. W. Rep. 432). At the time the appeal bond was tendered, accepted, and filed by the justice, there was nothing from which to appeal, as no judgment had then been entered. The remittitur was, in fact, filed before the judgment was entered, and from that moment the amount in controversy was less than twenty-five dollars. Consequently, no appeal would lie, and none should have been allowed by the justice *Vorwald v. Marshall*, 71 Iowa, 576 (32 N. W. Rep. 510); *Bateman v. Sisson*, 70 Iowa, 518 (30 N. W. Rep. 870); *Milner v. Gross*, 66 Iowa, 252 (23 N. W. Rep. 654); *Schultz v. Railway Co.*, 75 Iowa, 240 (39 N. W. Rep. 289). In the latter case it was held that the order of time of filing the appeal bond and remittitur was not material, and that an appeal bond filed before a judgment was rendered should be regarded as filed after judgment. We then have a case in which the remittitur was filed before judgment, and

the bond is to be treated as filed after judgment. Under the foregoing cases, it is clear that at the time when the bond should be treated as filed, and at the time the judgment was in fact entered, the amount in controversy was less than twenty-five dollars; hence no appeal should have been allowed, and the motion to dismiss was properly sustained.

It is contended that the judgment should have been entered at the time the verdict was returned. It is to be remembered that the verdict was returned at 9 o'clock at night. The provision of the statute that the judgment shall be entered "forthwith," must be reasonably construed. A judgment upon a verdict returned at 9 o'clock at night, may properly be entered the next morning. Code, section 3552; *Burchett v. Casady*, 18 Iowa, 342; *Davis v. Simma*, 14 Iowa, 154.

The district court properly dismissed the appeal. —AFFIRMED.