(107 N. W. 56.)

---

### ED. PETERSON v. FRED HANSEN.

Opinion filed February 20, 1906.    Rehearing denied May 11, 1906.

**New Trial — Statement of Case — Extending Time Discretionary — Abuse of Discretion.**

1. In granting or refusing extensions of time within which to settle statements of the case, under section 5477, Rev. Codes 1899, the trial court is invested with wide discretionary power, and its action will not be disturbed, except where there has been a manifest abuse thereof.

**Appeal — Burden of Showing Error.**

2. The burden is upon the party objecting to such extension to show that it was unauthorized.

**Justice of the Peace — Time of Entering Judgment.**

3. The mere fact that a justice of the peace did not enter judgment on the same day on which a verdict was returned into court is too indefinite a showing to sustain an objection to the offer of the judgment in evidence.

**Same.**

4. Section 6707, Rev. Codes 1899, providing that justices of the peace must enter judgment on receipt of verdict at once, construed to mean within a reasonable time in view of the circumstances of each case.

Appeal from District Court, Stutsman county; *Glaspell,* J.

Action by Ed. Peterson against Fred Hansen. Judgment for defendant, and plaintiff appeals.

Affirmed.

*J. A. Coffey* and *S. E. Ellsworth,* for appellant.

Notice of intention to move for a new trial is indispensable to such motion; and unless made within the time prescribed, the right to make such motion is waived. 14 Enc. Pl. & Pr. 879; First National Bank v. Comfort, 28 N. W. 855, 4 N. D. 167; Gould v. Duluth & Dakota Elevator Co., 2 N. D. 216, 50 N. W. 969; Gaines v. White, 50 N. W. 901; Clark v. Crane, 57 Cal. 629; Wright v. Snowball, 45 Cal. 654; Ellsasser v. Hunter et al., 26 Cal. 279.

Mistake, inadvertence or misconstruction of the law is no excuse for delay in doing things mentioned in section 5474. Moe v. N. P. R. R. Co., 2 N. D. 282, 50 N. W. 715; McDonald v. Beatty et al., 9 N. D. 293, 83 N. W. 224

Where no cause, or sufficient cause is shown, for extension of time to serve a statement of the case, the court is without power to grant it McDonald v. Beatty, supra; Moe v. N. P. R. R. Co., supra.

What constitutes a good cause, or showing of good cause, is presented to the discretion of the trial court, but its action is reviewable and liable to be set aside for abuse. Crane v. Odegaard, 11 N. D. 342, 91 N. W. 962; Moe v. N. P. R. R. Co., supra; McDonald v. Beatty, supra; McGillycuddy v. Morris, 65 N. W. 14.

Where no particulars, wherein a verdict lacks support in law or the evidence, are pointed out, the grounds for setting it aside cannot be considered. Rev. Codes, section 5474; Billingsley et al. v. Hiles et al., 61 N. W. 687; Henry v. Maher, 6 N. D. 413, 71 N. W. 127.

A justice's judgment upon the verdict of a jury must be entered immediately, or jurisdiction is lost and the entry is a nullity. Section 6707, Rev. Codes 1899; Sluga v. Walker, 9 N. D. 108, 81 N. W. 282; In Re Evingson, 2 N. D. 184, 49 N. W. 733; Hull v. Mallory, 56 Wis. 355, 14 N. W. 374; McNamara v. Speen et al., 25 Wis. 539.

Want of jurisdiction may always be set up, whenever anything is claimed under the judgment, and the principle that forbids impeachment or contradiction of a record does not apply. 17 Am. &

Eng. Enc. Law (2d Ed.) 1046; Latham v. Edgerton, 9 Cow. 227; Mills v. Martin, 19 Johns. 33; Joy v. Elton et al., 9 N. D.' 426, 83 N. W. 875; Thornily v. Prentice, 96 N. W. 728; Cooley v. Barker et al., 98 N. W. 289; Phelps v. McCollam, 10 N. D. 537, 88 N. W. 292; People v. Cassels, 5 Hill, 164; Harrington v. People, 6 Barb. 607; Starbuck v. Murray, 5 Wend. 158.

*Jerome Parks,* for respondent.

A judgment of a justice of the peace, showing on its face jurisdiction prerequisites, is invulnerable. Jewett et al. v. Sundback, 58 N. W. 20; Smith et al. v. Pierce, 18 N. W. 111; Cassidy v. Mellerick et al., 9 N. W. 165; In Re Evingson, supra.

MORGAN, C. J. This is an action for damages for the conversion of 669 bushels and 13 pounds of oats. Plaintiff recovered a verdict on which judgment was entered for the sum of $267.61. Defendant moved for a new trial upon a settled statement of the case, which was granted by the district court. Plaintiff has appealed from the order granting a new trial. The specifications relied on for reversal are: (1) That the trial court abused its discretion in settling the statement of the case after the time during which it should have been done had passed, and no good cause was shown to excuse the failure to settle it within the time prescribed. (2) That no error was shown to have occurred at the trial to warrant the granting of a new trial.

The first assignment renders it necessary to review the several orders made by the court to enlarge or extend the time during which the motion for a new trial was to be made. The trial occurred on the 5th day of July, 1904. The order granting a new trial was made on the 10th day of December, 1904. During this period four orders were made by the court staying all proceedings for the purpose of enabling the defendant to move for a new trial. The first order was made on July 9th by an order entered on the minutes. The order was made on written notice to the plaintiff that defendant would move for an order at 10 o'clock of said day "for a stay of proceedings in said action pending a motion for a new trial." So far as the record is concerned the time during which the stay was granted is not shown. The motion was simply granted without limiting the time during which it was to continue. On August 20th defendant's attorney procured a further stay based on his affidavit. In this affidavit he states that he was

mistaken as to the time during which the stay of July 9th was to continue. That he believed that it was to continue for 60 days, but had just been informed that the stay was for a shorter period, and had already expired. He asked for further time for the reason that he had not yet received a transcript of the proceedings at the trial from the stenographer, although he had promptly ordered the same after the decision adverse to the defendant. The application was made without notice to the plaintiff. The court made an order reciting the consideration of the affidavit by the court, and that it showed good cause for the relief asked and stayed all proceedings in the action for 30 days "pending defendant's motion for a new trial in said action and that defendant have from date hereof the time fixed by statute to serve notice of motion and motion for a new trial of said action." On August 23d the defendant served notice of intention to move for a new trial and therein stated that the motion for a new trial would be made upon a settled statement of the case. On September 21st the attorney asked for another stay of proceedings based upon his own affidavit stating that he had not obtained a transcript of the evidence until September 18th and that he had served a copy of a statement of case upon plaintiff's attorney, who refused to enter into any stipulation for settling a statement. The court granted an additional stay of proceedings for a period of 20 days. On October 14th another stay was applied for based on the attorney's affidavit, stating "that defendant has been unable to get such transcript from the court stenographer and that the time to prepare such statement has expired, and the stay granted by this court has expired or will expire October 15, 1904." Thirty days was asked for in order to procure the transcript. The court granted the request by an order in which it recited that the further extension was granted on good cause shown by affiant. On November 12th, appellant's attorney obtained an order to show cause why the order of October 15th staying all proceedings for 30 days should not be set aside. The order to show cause was granted on an affidavit of plaintiff's attorney stating as ground for setting aside the said stay "that some of the stays which have been granted were based upon false affidavits which were misleading and without foundation in fact." The attorneys appeared before the court, and were heard upon the merits of the motion. The court denied the motion by an order reciting: "Now upon considering the affidavit

of J. A. Coffey attached to said order to show cause and the affidavits of Jerome Parks, marked Exhibits A and B, and upon the records and proceedings in said cause; the court finds that the said extension order was properly granted, and is by this order continued, and the plaintiff is assessed for motion costs," etc. Exhibits A and B are the contradictory affidavits made by defendant's attorney to procure the orders of September 21st and October 14th.

It is claimed that the granting of this order as well as the previous ones was an abuse of discretion and that neither of the affidavits showed good cause for enlarging or extending the time for the presentation and settlement of the statement of the case. Section 5477, Rev. Codes 1899, authorizes an extension of the time for doing any of the acts prescribed by sections 5474 and 5467, Rev. Codes 1899. Those sections relate to the procedure for giving notice of intention to move for a new trial, and for the settlement of the statement of the case. The extension of time, under said section 5477, is to be granted "upon good cause shown in furtherance of justice." In McDonald v. Beatty, 9 N. D. 293, 83 N. W. 224, this court held that district courts have no authority under section 5477, supra, to grant extensions over objections without cause, and that the cause for extension must appear of record in order to be subject of discussion before the trial court and that something may appear in the record for review by the Supreme Court. That case further lays down the rule that where cause is attempted to be shown for an extension this court will apply a liberal rule in favor of the discretion exercised on the review thereof by this court. Under this strict construction of section 5477, supra, we agree that the respondent is within the rule laid down by that case. The serious objection made to the showing to procure the last extension is that the affidavits of September 21st and that of October 14th are contradictory. The former states a transcript was procured on September 18th, while the latter states that the attorney had been unable to procure the transcript on the date of the last affidavit. One of them was evidently made under a mistake. What the mistake was or why the discrepancy the record before us does not disclose. Which of them is true we are unable to state from the statement of the case. We can give no reason for holding that one was true and the other false. Appellant's attorney gives no aid to solve the dilemma in his affidavit. He simply recites that the affidavits are

contradictory and misleading and false. Which is false he does not attempt to state. That they were misleading and contradictory is evident from the reading of them. The trial court found that the second affidavit was true, and that the extension was properly granted. Although the record is in a most unsatisfactory state, and shows a careless presentation of the facts to the trial court, we still think that the action of the trial court should be sustained. It is found as a fact after considering all the affidavits, all the records and proceedings and hearing the respective attorneys that good cause was shown for the last extension. If there was good cause shown for the last extension it is immaterial whether the cause for the extension of September 21st was good or not. The last extension is the one attempted to be set aside, and if that was properly granted it excused all prior defaults for not presenting a statement for settlement up to the date of granting the last order. The burden was upon the appellant to show that the discretion exercised by the trial court was abused. The record does not show an abuse of discretion. No reason is given to show that the last extension was based on a false statement. The trial court have a wide latitude in determining such matters on such occasions. This court should be liberal and not technical in reviewing their acts in such matters. As to previous extensions they are based upon the failure to procure a transcript. This was certainly a good ground for extension. It is urged that the notice of intention to move for a new trial was not served in time, and that no extension was expressly granted to serve that notice. The serving of that notice is a part of or the basis of a motion for a new trial. The orders were clearly made to secure more time in which to make the motion for a new trial. We hold that this included within their terms the giving of the notice of intention. It would be too strict a construction to hold that all the acts necessary to be done preliminary to the motion for a new trial must be specifically mentioned in the orders. The main purpose is the motion for a new trial, and an extension for that purpose should be held to include all acts necessary thereto.

It is urged that it was error to grant a new trial. Unless there was error at the trial and an exception to the same was duly saved, it was error to grant a new trial. We agree that there was error at the trial, and that the same was excepted to and incorporated as a specification of error in the statement of the case on

which the motion for a new trial was made.  At the trial a judgment of a justice of the peace was offered in evidence to show that the defendant had been adjudged entitled to the possession of the oats which the defendant was charged to have converted to his own use.  To the introduction of this judgment in evidence the plaintiff objected, and the objection was sustained.  The ground of the objection was that the evidence showed that said judgment was a nullity for the reason that the justice before whom it was rendered had not entered the same at once after the verdict was received.  The judgment which was excluded was entered in an action in which there was a trial by jury.  Section 6697, Rev. Codes 1899, provides that when the jury "have agreed upon their verdict they must render it publicly to the justice and it must be entered immediately."  Section 6707, Rev. Codes 1899, provides that when a trial by jury has been had, judgment must be entered by the justice at once in conformity with the verdict."  These sections have been construed in this state, and it was held that the words "immediately" or "at once" will not be construed strictly according to their literal meaning, but will be held to mean within a reasonable time, in view of the circumstances of each case.  Sluga v. Walker, 9 N. D. 108, 81 N. W. 282; In re Dance, 2 N. D. 184, 49 N. W. 733, 33 Am. St. Rep. 768; Brown v. Smith, 13 N. D. 580, 102 N. W. 171.  See, also, Knox v. Nicoli (Iowa) 66 N. W. 876; Sorrenson v. Swenson (Minn.) 56 N. W. 350, 43 Am. St. Rep. 472; Huff v. Babbott (Neb.) 15 N. W. 230.

The evidence to support the contention that the justice lost jurisdiction to enter judgment by an indefinite adjournment or by not entering it at once after the verdict was rendered is too indefinite, and does not bring the entry of that judgment within the law laid down in the cases cited.  It is not shown that there was an unreasonable delay.  The evidence on that question is as follows: The justice who entered the judgment testified that "he tried a case in his court in December, 1903, wherein Fred Hansen was plaintiff and Ed. Peterson was defendant, the same parties to this action, and that the action was brought into his court to determine the right of possession of the same grain which is the subject matter of this action.  That the case was tried by a jury and that upon verdict of the jury he  *  *  *  rendered judgment and entered the same in his justice's docket at page 393 thereof."  The verdict was then offered and received in evidence after objection.  The justice was

then asked "if he rendered a judgment on that verdict on the day the verdict was rendered?" And he answered "that he did not enter judgment on the day the verdict was returned into court, and that the reason he did not was that Mr. Coffey requested him not to enter judgment then as he wished to look up the matter of costs." The judgment is not made a part of the record, and there is nothing before us to show at what time the judgment was entered. The mere fact that it was not entered on the same day that the verdict was received is far from showing that it was not entered within a reasonable time after the verdict was received. It is not therefore shown that it was not entered at once or within a reasonable time within the meaning of those terms as construed in the cases cited. This disposes of the objection made to receiving the judgment in evidence. That objection was not tenable, and it should have been overruled. It inferentially appears, from one objection in the record, that the judgment was void on its face, but as the judgment is not in the record we cannot pass upon the objection.

There was no error in granting a new trial, and the order is affirmed. All concur.