## KEIDO MASSETT v. H. B. SCHAFFNER.

(154 N. W. 653.)

**Law case — rulings of lower court — appellant must challenge — specifications — assignments of error.**

1. Where appellant in a law case fails to challenge the correctness of the lower court's ruling by any specification or assignment of error, his appeal presents nothing to the supreme court for consideration.

**District court — appeals to — justice court — return of justice — certificate — impeachment of — by later certificate of justice — leave of court.**

2. A return made pursuant to statute by a justice of the peace on an appeal to the district court cannot be later impeached by a certificate of the justice thereafter made and filed without leave of court.

**Appeal — statutory return of justice — certificate — impeachment — judgment — regular upon its face.**

3. Even if such statutory return were thus subject to impeachment, it is held that such certificate wholly fails to impeach the same, and that the judgment of the justice was in all respects regular upon its face.

**Verdict of jury — judgment on — entered same day — compliance with statute.**

4. The record discloses that the judgment was entered by the justice on the

same day upon which the verdict was returned, and—following Peterson v. Hansen, 15 N. D. 198,—it is held that this was a compliance with the statute.

Opinion filed October 9, 1915.

Appeal from the District Court of Dunn County; *Crawford, J.*
From a judgment in plaintiff's favor, defendant appeals.
Affirmed.

*F. E. McCurdy,* for appellant.

A justice of the peace has no jurisdiction to enter judgment upon the verdict of a jury rendered after the cause has been adjourned to an indefinite time, and in the absence of the parties against whom the verdict is rendered, and his counsel. Rev. Codes 1905, § 8426, Comp. Laws 1913, § 9089.

It is immaterial whether the justice enters the judgment the same day the verdict is returned, or thereafter. He had adjourned the cause to an indefinite time, and he had lost jurisdiction to farther act, especially in the absence of the losing party and his counsel. Re Evingson, 2 N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733; Sluga v. Walker, 9 N. D. 108, 81 N. W. 282; Peterson v. Hansen, 15 N. D. 198, 107 N. W. 528.

*T. F. Murtha* and *George H. Purchase,* for respondents.

The return or transcript of the justice, that is, the certified copy of his docket, shows a legal judgment in favor of plaintiff. The justice had no right, by further certificate or otherwise, to attempt to modify such return. A justice of the peace has a reasonable time after receiving verdict in which to enter judgment. Rev. Codes 1905, § 8507, Comp. Laws 1913, § 9170; Peterson v. Hansen, 15 N. D. 198, 107 N. W. 528; Sluga v. Walker, 9 N. D. 108, 81 N. W. 282.

A justice of the peace cannot amend a judgment entered by him, even to correct a mistake. McCormick Harvesting Mach. Co. v. Halvorson, 11 S. D. 427, 74 Am. St. Rep. 820, 78 N. W. 1000.

FISK, Ch. J. This litigation arose in a justice court where plaintiff recovered a judgment pursuant to a verdict rendered by a jury in the sum of $25 damages and costs taxed at $135.90. Such judgment is

regular upon its face. Thereafter defendant appealed to the district court upon questions of law alone, where the judgment was affirmed with costs taxed at $140.80, making a total judgment of $165.80. From the latter judgment this appeal is prosecuted.

We cannot refrain from expressing our regret that this class of litigation should find its way to the court of last resort. For it is apparent that however the decision goes, both parties must ultimately be losers as a result of their efforts to obtain justice, and thereby the administration of justice is brought into disrepute without any fault of the judiciary. In controversies involving such trivial sums, we believe that appeals to this court should not be authorized, or in any event that there should be some protection afforded the parties against the taxation of such large bills of costs. By this we do not mean to criticize the attorneys for either party. They, no doubt, merely complied with the instructions of their clients. We refer to the matter in the hope that the legislature may, in its wisdom, see fit to provide a less expensive remedy in cases involving such trivial sums.

For the following very obvious reasons we can do naught but affirm the judgment of the district court. In the first place not a single specification or assignment of error appears in the record, and consequently we have nothing before us for review. That appellant must in some manner challenge the ruling below in order to enable this court to review the same, is well settled.

But we shall not rest our decision of this appeal upon technical grounds, for it is very clear that appellant is here without any substantial merit to his appeal. He attempts to argue that the judgment pronounced by the justice is a nullity because, as he asserts, the same was not entered at once upon the return of the verdict. This assumption of fact is not warranted by the record which, as before stated, is regular upon its face. The record discloses that some time after the justice made his return on the appeal to the district court, as the statute provides, and which return shows a judgment in all respects regular, a purported certificate by such justice was filed, wherein he certifies as follows: "That on the 15th day of August, 1913, the above-entitled action was tried to a jury in this court, and that the jury returned a verdict in favor of the plaintiff and against the defendant for the sum of $25 damages; that the verdict was returned at noon

on the 15th day of August, and that thereafter another action was tried between the same parties, and that I computed the costs in this action and entered up the judgment on the 15th day of August, 1913, 9:30 P. M., and that on the 19th day of August, 1913, I notified F. E. McCurdy, attorney for the defendant, of the amount of the costs, and sent him a transcript of the judgment, as I did not enter up a judgment nor compute the costs at the time, nor until after court had adjourned and the parties had left for their homes."

It is, perfectly obvious that such certificate has no proper place in the record, and it cannot be considered for the purpose of impeaching or adding to the statutory return aforesaid. Moreover, it is equally obvious that even if it could rightfully be considered, it discloses no legal reason for holding the judgment to be irregular and void. The case of Peterson v. Hansen, 15 N. D. 198, 107 N. W. 528, cited by appellant, is a direct authority against his contention that the justice lost jurisdiction to enter such judgment by the few hours' delay in entering the same after the return of the verdict. The appeal is, therefore, wholly devoid of merit, and the judgment is accordingly affirmed.