MRS. SADIE H. BRITT, Respondent, v. ALVA M. SUMMERS, alias ALVA MONTGOMERY, and A. B. C. STORAGE & VAN COMPANY, Appellants.

### Kansas City Court of Appeals, June 11, 1917.

**REPLEVIN:** Justices of the Peace: Jurisdiction. In a replevin suit where a justice of the peace finds that both plaintiff and defendant have an indefinite interest in the subject-matter, he has no jurisdiction under the statutes to certify it to circuit court as an equitable matter for settlement. And this action by the Justice does not confer jurisdiction of the subject-matter on the circuit court even though the parties appear in the latter court and try the case without objection.

Appeal from Jackson Circuit Court.—*Hon. R. J. Ingraham,* Special Judge.

REVERSED AND REMANDED (*with directions*).

*W. D. Brown* and *M. J. Kilroy* for appellants.

*A. W. Gray* for respondent.

BLAND, J.—This is a replevin suit instituted before a justice. The latter after hearing the evidence took the case under advisement and thereafter made the following order:

"Now, on this 17th day of March, 1914, 10 a. m., the justice, after mature deliberation, find both plaintiff and defendant have an indefinite interest by each making purchase payments and accordingly certifies all papers to circuit court as an equitable matter for settlement."

There is nothing in the statutes providing for the certification by a justice of a case to the circuit court under the conditions existing in the case at the time it was transferred to that court by the justice. The justice had jurisdiction to hear and determine this re-

plevin suit and he improperly certified it to the circuit court. This action of the justice did not confer jurisdiction of the subject-matter of the action on the circuit court, even though the parties appeared in the latter court and tried the case without any objection being made. [24 Cyc. 512; Verbeck v. Verbeck, 6 Wis. 157; Evans v. Phelps, 77 Iowa 526; Crismon v. Tufts, 3 Utah, 251; City of Kansas v. Ford, 99 Mo. 91; Whitehead v. Cole & Rodgers, 49 Mo. App. 428; Devore v. Staeckler, 49 Mo. App. 547; Moulder & Simpson v. Anderson, 63 Mo. App. 34; Green v. Castello, 35 Mo. App. 127; Garnet v. Rodgers, 52 Mo. 145; Hyatte v. Wheeler, 101 Mo. App. 357.]

The judgment is reversed and the cause remanded with directions to the trial court to strike the case from its docket for want of jurisdiction. All concur.