BURGETT KINNEBERG *vs.* OLE KINNEBERG.

Opinion filed May 4, 1899.

**New Trial—Misconduct of Jury.**

Where a party to an action has knowledge of misconduct of the jury, and does not avail himself of it at the earliest opportunity, he is deemed to have waived his right to urge such misconduct as a ground for a new trial.

**Proof Necessary for New Trial Because of Misconduct of Jury.**

A motion for a new trial, based upon the misconduct of the jury, must be accompanied by an affirmative showing that such misconduct was unknown to the moving party before the final submission of the case to the jury; and, in the absence of such showing, such misconduct cannot be considered.

**Proof of General Reputation for Chastity.**

The defendant is charged with an assault with intent to commit rape, in a civil action to recover damages therefor. *Held*, that evidence offered by him as to his general reputation for chastity was properly excluded upon the ground that his general reputation for chastity was not involved in the specific acts charged, and that the case was properly determined upon its own facts and circumstances, which are held here as sufficient to sustain the verdict for plaintiff upon this cause of action.

**Evidence Insufficient to Justify Verdict.**

Evidence in support of a verdict returned for plaintiff for alleged alienation of affections, upon a separate cause of action, examined, and *held* insufficient to sustain the verdict.

Appeal from District Court, Nelson County; *Fisk*, J.

Action by Burgett Kinneberg against Ole Kinneberg. Judgment for plaintiff, and both parties appeal.

Affirmed.

*Frank B. Feetham,* for plaintiff and appellant.

Plaintiff's objection to defendant's offer of proof was properly sustained. Best on Evidence, § 506. "Where a tender of evidence is made to prove certain facts, some of which are admissible and others inadmissible the offer is properly rejected. The Court is not bound to separate it and admit such parts as are competent." Thompson on Trials, § 678; *Smith* v. *Arsenall Bank,* 104 Pa. St. 518; *Holsey* v. *Black,* 28 N. Y. 444; *First National Bank* v. *North,* 2 S. D. 80, 51 N. W. Rep. 98. The Court was not bound to do more than respond to the motion in the terms in which it was made. *Elliott* v. *The Lessee,* 1 Peters 336, 7 L. Ed. 169. It is not competent for a party to a civil action, whose reputation has not been attacked, to offer testimony proving his good character. 5 Am. & Eng. Enc. L. (2d Ed.) 863; *Brown* v. *Evans,* 17 Fed. Rep. 912; *Anthony* v. *Grand,* 101 Cal. 235; *Vance* v. *Richardson,* 42 Pac. Rep. 909; *Elliott* v. *Russell,* 92 Ind. 526; *Redden* v.

*Gates,* 2 N. W. Rep. 1079; *Day* v. *Ross,* 154 Mass. 13; *Fahey* v. *Crotty,* 29 N. W. Rep. 876; *Porter* v. *Seiler,* 62 Am. Dec. 341. Defendant can not in a civil action for bastardy prove his good reputation for virtue and chastity. *Stoppert* v. *Nierle,* 63 N. W. Rep. 384; *Sayen* v. *Ryan,* 9 Ohio Ct. Rep. 631; *Walker* v. *State,* 6 Blackf. 1; *Houser* v. *State;* 93 Ind. 228; 3 Am. & Eng. Enc. L. (2d Ed.) 884. Evidence of good character of a defendant in a civil action is not admissible, even though the complaint states in law a criminal offense, and even though on the trial of a criminal charge for the same offense the evidence would be pertinent. *Young* v. *Sheppard,* 40 S. W. Rep. 62; *Barton* v. *Thompson,* 9 N. W. Rep. 899; *Klien* v. *Bayer,* 45 N. W. Rep. 991; *Boick* v. *Bissell,* 45 N. W. Rep. 55; *Williams* v. *Edmunds,* 42 N. W. Rep. 534. There is no showing that defendant was not aware of the alleged irregularity in the conduct of the jury at the time it occurred. *Grottkau* v. *State,* 36 N. W. Rep. 32; *State* v. *Tuller,* 34 Conn. 294; *Foedisch* v. *Chicago,* 69 N. W. Rep. 1055; *Territory* v. *O'Hare,* 1 N. D. 30; *Stampofski* v. *Steffins,* 79 Ill. 303; *Berry* v. *DeWitt,* 27 Fed. Rep. 723. Before the defendant can ask that the verdict be vacated on this ground, he must show that neither he or his counsel had any knowledge of the irregularity complained of prior to the submission of the case to the jury. *Fifth Avenue Bank* v. *Cooper,* 48 N. E. Rep. 236; *Wynn* v. *City,* 17 S. E. Rep. 650; *Gottkau* v. *State,* 36 N. W. Rep. 32; *Steward* v. *Hinkel,* 13 Pac. Rep. 495; *Woodruff* v. *Richardson,* 20 Conn. 241; *Parks* v. *State,* 4 O. St. 235; *Wooters* v. *Craddock,* 46 S. W. Rep. 916; *Eastman* v. *Wight,* 4 O. St. 158; *Brown* v. *LaCrosse,* 21 Wis. 56; *Stewart* v. *Ewbank,* 3 Iowa 191; *Mergentheim* v. *State,* 8 N. E. Rep. 570; *Rollins* v. *Ames,* 9 Am. Dec. 79. It does not appear that the plaintiff was in any way connected with the irregularities of the jury or that she was aware of the same. Where the interference of strangers with the jury is unattended with corruption in the latter and has not been permitted by a party, an injustice has not been done and the verdict will not be disturbed. *State* v. *Cucuel,* 31 N. J. L. 262; *State* v. *Woodson,* 41 Iowa 425; *Kennedy* v. *Holliday,* 16 S. W. Rep. 688; *Fuller* v. *Fletcher,* 44 Fed. Rep. 34; *Stewart* v. *Ewbank,* 3 Iowa 191; *Price* v. *Lambert,* 3 N. J. L. 123; *People* v. *Boggs,* 20 Cal. 432; *Steward* v. *Hinkel,* 13 Pac. Rep. 495. The claim that the verdict is without support in the evidence is without merit. *Taylor* v. *Jones,* 3 N. D. 235, 55 N. W. Rep. 593; *Fuller* v. *Elevator Co.,* 50 N. W. Rep. 359; *Brown* v. *Evans,* 17 Fed. Rep. 912.

*John A. Sorley* (*Bosard & Bosard* of counsel), for defendant and appellant.

Remarks made in the presence of a jury by outsiders intended to prejudice the jury against a party, against whom the jury afterwards return a verdict, is ground for a new trial. *Smith* v. *Mellinghan,* 44 Ga. 200; *People* v. *Brannigan,* 21 Cal. 340; *People* v. *Turner,* 39 Cal. 375; *Pettibone* v. *Phelps,* 13 Conn. 445. If an offer of

proof is good in part, an objection to the whole offer can not be sustained. *Board of Education* v. *Keenan*, 55 Cal. 647; *Curtis* v. *Moore*, 20 Md. 96; *Buffington* v. *Cook*, 39 Ala. 64; *Lick* v. *Diaz*, 37 Cal. 446. It was error for the Court to reject evidence of defendant's reputation for chastity. *Heine* v. *Commonwealth*, 91 Pa. St. 145; *Hauney* v. *Commonwealth*, 116 Pa. St. 327; *Commonwealth* v. *Hardy*, 2 Mass. 317; *Caldwell* v. *State*, 17 Conn. 467; *Carroll* v. *State*, 60 Am. St. Rep. 567; *State* v. *King*, 9 S. D. 628, 70 N. W. Rep. 1046.

YOUNG, J. In this action the plaintiff seeks to recover damages for wrongs alleged to have been suffered by her at the hands of the defendant, who is her father-in-law. The complaint originally contained three separate causes of action. The first charges an assault with attempt to rape, committed July 12, 1894, the second sets out a repetition of the same offense occurring some eight days later, and the third charges the defendant with alienating the affections of her husband. The case was tried to a jury. After the plaintiff had rested her case the second cause of action was stricken out by consent of counsel, as being without evidence to sustain it. The jury returned a verdict for the plaintiff on both remaining causes of action, assessing her damages on the first at $500, and on the third at $1,500. The defendant made a motion for a new trial, which was granted as to the third cause of action, but was refused as to the first. Both parties appeal.

We will first consider the defendant's appeal from the order refusing to vacate the verdict rendered on the first cause of action. The motion for a new trial was made upon a settled statement of the case, which was used as a basis for both appeals. Three particulars pertinent to his appeal are urged by defendant's counsel in support of his contention that the Court's refusal to grant a new trial on the first cause of action was error: First, misconduct of the jury; second, insufficiency of the evidence to justify the verdict; third, the rejection of evidence as to defendant's chastity. These will be taken up in the above order.

The misconduct of the jury of which complaint is made is set out in the statement in the form of three affidavits made by third persons, stating that certain statements relative to the defendant were made by two of the jurors on the regular panel, either to or in the presence of two of the jurors sitting on the case, and before its final submission to them. These statements, it is urged, were made for the purpose of influencing a verdict against the defendant, and were in fact prejudicial. We may state that the communications were reprehensible, and possibly of such a nature as to subject the parties making them to punishment for contempt. But, in the condition of the record, we are not at liberty to give any weight to this ground of defendant's motion, for no showing whatever is made, by affidavit or otherwise, that this alleged misconduct was not known to the defendant before the final submission of the case to the jury,

when it might have been corrected or cured. It is a well-settled and wholesome rule of practice that a motion for a new trial based upon the misconduct of the jury must be accompanied by an affirmative showing that such misconduct was unknown to the moving party before the final submission of the case. This rule proceeds upon the principle that one who has knowledge of facts which would vitiate the verdict should bring such facts to the attention of the Court at the earliest possible moment, to the end that the fault may be corrected, and, if this is not done, he is deemed to have waived the right to object; or, as sometimes expressed, he is not permitted to conceal the knowledge of the facts, and take the chance of the verdict being favorable to him, and then, if unfavorable, have it set aside upon grounds which he has concealed. 12 Enc. Pl. & Prac. 558, and cases cited; also, *Grottkau* v. *State* (Wis.) 36 N. W. Rep. 31; *Wooters* v. *Craddock* (Tex. Civ. App.) 46 S. W. Rep. 916; *Bank* v. *Cooper* (Ind. App.) 48 N. E. Rep. 236. This showing of lack of knowledge is easily made, if such is the fact.

Neither does our examination of the record give us any reason for reversing the order refusing a new trial upon the ground that the evidence is insufficient to justify the verdict. The only direct evidence in this cause of action is that of the parties themselves. The plaintiff testified positively to the acts constituting the assault. These were unequivocally denied by the defendant. There are circumstances surrounding and immediately connected with the alleged acts which cast some discredit upon the plaintiff's testimony, but not sufficient to enable us to say that the verdict is not supported by the evidence.

One of defendant's witnesses was asked this question: "Do you know what his (defendant's) reputation for chastity is?" The witness was not permitted to answer, and evidence of defendant's chastity was excluded. In so ruling the Court did not err. The civil cases wherein a defendant may introduce evidence of his reputation are very few in number, and are exceptional cases, in which the defendant's character is peculiarly involved; and even in such cases, when the evidence of reputation is admissible at all, it is confined to the particular trait involved in the case. 1 Greenl. Ev. § 55; *Norris* v. *Stewart's Heirs*, 105 N. C. 455, 10 S. E. Rep. 912; *Fowler* v. *Insurance Co.*, 6 Cow. 673. In *Humphrey* v. *Humphrey*, 7 Conn. 116, the Court used this language: "The rule of law is that in civil proceedings, unless the character of the party be directly put in issue by the proceeding itself, evidence of his general character is not admissible. Swift, Ev. 140; 2 Starkie, Ev. 366. This rule has ever been regarded in our courts, and is too firmly established to be shaken at this day." In *Church* v. *Drummond*, 7 Ind. 17, the Court said: "The evidence of character in civil cases is thus confined within narrow limits. * * * The rule is that only in cases where the character is in issue can evidence of general reputation be given. Even then it must be confined to the reputation of the party with special reference to the nature of the question in issue."

. *Porter* v. *Seiler,* 23 Pa. St. 424; *Wright* v. *McKee,* 37 Vt. 161. The fact charged in this cause of action—the assault with intent to rape—does not involve any particular trait of character, or impute to the defendant a reputation for general immorality and unchastity. The case was properly determined upon its own facts and circumstances.

Neither do we find any merit in plaintiff's appeal from the order granting a new trial on the third cause of action. Not only is there no evidence that her husband's affections were alienated, but, on the contrary, it affirmatively appears that his regard for her has not been at all disturbed by any of the scandalous matters which appear to have occurred. We are clear that the verdict upon this cause of action cannot be sustained. The evidence in the case is of such a character that we do not choose to discuss it at length. The orders of the lower court are both affirmed. All concur.