## STATE OF NORTH DAKOTA v. ROBERT APPLEGATE, Sometimes Known as "BOB" APPLEGATE.

### (149 N. W. 356.)

**Criminal action — jury — deliberations of — continuous up to complete verdict — common nuisance — bottles of beer offered in evidence — taken by jury — used by jury — prejudice — presumption of — verdict — set aside.**

The deliberations of a jury in a criminal action are presumed to continue not

only up to the time that their verdict is signed and agreed upon, but long enough to allow their polling, if a poll is desired, and prejudice will be presumed to the defendant where it is shown that three bottles of beer which were introduced in evidence in a prosecution for maintaining a common nuisance under the liquor laws of North Dakota, and which were taken by the jury into their room, were found empty at the time that such jury reported that they had arrived at a verdict; and where such prejudice has not been overcome by competent evidence, a reversal will be ordered, even though the taking of the exhibits into the jury room was not objected to by counsel for defendant.

Opinion filed October 22, 1914.

Appeal from the District Court of Divide County, *Leighton,* J.

Prosecution for maintaining a common nuisance under the liquor laws of North Dakota. Defendant convicted. Defendant appeals.

Reversed.

*C. E. Brace,* for appellant.

Reception by the jury of evidence out of court will, if influential in determining the verdict, require the granting of a new trial. Prejudice will be presumed. 17 Am. & Eng. Enc. Law, 2d ed. 1237; 12 Enc. Pl. & Pr. 584.

Jurors are not allowed to make private experiments for the purpose of determining controverted and essential points. Their sole guide is what properly came before them in the course of the trial. Falls City v. Sperry, 68 Neb. 420, 94 N. W. 529, 4 Ann. Cas. 272; Winslow v. Morrill, 68 Me. 362; Bowler v. Washington, 62 Me. 302; Eastwood v. People, 3 Park. Crim. Rep. 25; Flanders v. Mullin, 73 Vt. 276, 50 Atl. 1055; Consolidated Ice-Mach. Co. v. Trenton Hygeian Ice Co. 57 Fed. 898; People v. Conkling, 111 Cal. 627, 44 Pac. 314; Wilson v. United States, 53 C. C. A. 652, 116 Fed. 484; Heffron v. Gallupe, 55 Me. 568; Thompson v. Mallet, 2 Bay, 94.

The making of outside experiments for the purpose of determining the truth or weight of evidence is ground for a new trial. 12 Enc. Pl. & Pr. 590; Pierce v. Brennan, 83 Minn. 422, 86 N. W. 417; Wilson v. United States, 53 C. C. A. 652, 116 Fed. 484.

Drinking of intoxicating liquors by the jury to test their intoxicating qualities, if done without consent of defendant on trial, is ground for

new trial. Galloway v. State, 42 Tex. Crim. Rep. 380, 57 S. W. 658; State v. Reilly, 108 Iowa, 735, 78 N. W. 680.

Such acts on the part of the jury while deliberating over the case constitute misconduct, and a new trial will be granted. State v. Robidou, 20 N. D. 518, 128 N. W. 1124, Ann. Cas. 1912D, 1015; State v. Reilly and Galloway v. State, supra.

*Geo. P. Homnes,* State's Attorney, for respondent.

An affidavit must be based upon known facts, and not upon mere belief. Territory v. Burgess, 8 Mont. 57, 1 L.R.A. 808, 19 Pac. 558.

Upon motion for new trial on the ground of misconduct of the jury, the supreme court will not reverse the findings of the lower court on questions of fact raised upon such motion and decided by the lower court, except for manifest abuse of discretion. State v. Salverson, 87 Minn. 40, 91 N. W. 1, 12 Am. Crim. Rep. 644; Hewitt v. Pioneer-Press Co. 23 Minn. 178, 23 Am. Rep. 680; State v. Floyd, 61 Minn. 467, 63 N. W. 1096.

If the jury obtain evidence out of court, relating to a matter not in dispute, this does not constitute misconduct or warrant a new trial. Siemsen v. Oakland, S. L. & H. Electric R. Co. 134 Cal. 494, 66 Pac. 672; Perry v. Cottingham, 63 Iowa, 41, 18 N. W. 680; State v. McDonald, 16 S. D. 78, 91 N. W. 447; State v. Andre, 14 S. D. 215, 84 N. W. 783; State v. Robidou, 20 N. D. 518, 128 N. W. 1124, Ann. Cas. 1912D, 1015.

The presumption is that a jury does its sworn duty. If misconduct is claimed, it must be specific and supported by positive and competent proof. 1 Hayne, New Trial & App. § 67, pp. 319, 320; Cranmer v. Kohn, 11 S. D. 245, 76 N. W. 937.

Where exhibits are taken to the jury room without objection by the defendant, he must, upon motion for new trial on ground of misconduct, make it clearly appear that he has been prejudiced and not accorded a fair trial. Siemsen v. Oakland, S. L. & H. Electric R. Co. 134 Cal. 494, 66 Pac. 672; People v. Rowell, 133 Cal. 39, 65 Pac. 127; 1 Hayne, New Trial & App. § 67, p. 321.

Irregularity or misconduct on the part of the jury must be shown to have influenced the verdict to the prejudice of defendant. State v. Robidou, 20 N. D. 518, 128 N. W. 1124, Ann. Cas. 1912D, 1015; 1 Hayne, New Trial & App. § 70, p. 353; Wilson v. Abrahams, 1 Hill,

207; People v. Sansome, 98 Cal. 235, 33 Pac. 202; Jones v. People, 6 Colo. 452, 45 Am. Rep. 526; May v. People, 8 Colo. 210, 6 Pac. 816; Underwood v. Old Colony Street R. Co. 31 R. I. 253, 76 Atl. 766, Ann. Cas. 1912A, 1318.

BRUCE, J.   Defendant in this case was convicted of the crime of keeping and maintaining a common nuisance under the liquor laws of this state.   During the trial of the action the state offered in evidence three bottles which it claimed contained beer and which it also claimed were purchased from the defendant as charged .in the information. The case comes up on the judgment roll alone, so we do not know what the evidence was, but the record shows a plea of not guilty which put to issue all of the material allegations of the complaint, and both under the plea and the charge of the court it was necessary for the state to prove, and for the jury to find, that the contents of the bottles were actually beer.

When the jury retired to deliberate on the verdict, the court sent to the jury room with the jury the three bottles with their contents, but it did not caution the jury not to open the said bottles or to experiment with them.   No objection, however, seems to have been made by the defendant to the court's action in this respect.   When the bailiff was notified by the jurymen that they had arrived at their verdict, and when he opened the door of the jury room to obtain the same, he found the three bottles empty.   His affidavit is as follows: "John Weeding, being first duly sworn on his oath, says that he was one of the bailiffs in regular attendance upon the special January, 1914, term of said district court, and that as such he was duly sworn as a bailiff to take charge of the jury impaneled and sworn to try the above-entitled action, upon their retirement for the consideration of their verdict; that, upon the retirement of said jury to the jury room, there was taken with said jury to the said jury room, among the exhibits introduced in evidence in said action, three bottles, commonly known as quart bottles, alleged by the state to contain an intoxicating liquor commonly known as beer, and that the said three bottles were left by the bailiffs in charge of said jury, in the jury room with the said jury during their deliberations upon their verdict.   That upon his being notified by the said jury that they had arrived at their verdict, and upon the opening of the

said jury room by the bailiff in charge of said jury, said affiant as one of said bailiffs discovered that the said three bottles had been opened by some of said jurymen, during their deliberations upon their verdict, and that he verily believes from his knowledge of the facts and from the statement made to him by the said jurymen thereafter, that the said contents of the said exhibits were drunk by certain of the jurymen impaneled and sworn to try said action during deliberations of the said jury upon their verdict, and while in their jury room for that purpose; and affiant further avers that the said bottles taken to the said jury room as aforesaid, and emptied of their contents as aforesaid, were taken empty into open court by the bailiffs in attendance upon said jury and when the said jury returned into open court to render their verdict."

If the jury drank the contents of the bottles in order to test its qualities as an intoxicant they clearly violated the law, as they had no right to try any such experiment. Consolidated Ice-Mach. Co. v. Trenton Hygeian Ice Co. (C. C.) 57 Fed. 898; People v. Conkling, 111 Cal. 627, 44 Pac. 314. Even if they drank it from a spirit of bravado, prejudice will be presumed.

There is no merit in the contention of counsel for the state that in this case there was no proof that the contents of the bottles were drunk during the deliberations of the jury or before they had signed their verdict. The affidavit of the bailiff clearly shows that it was drunk before the jury notified him that they had arrived at a verdict, and their deliberations in the eyes of the law must be presumed to have continued not only up to such time, but up to the time that their verdict was returned in open court, and in fact until after the jury had been polled if a poll had been demanded. Up to this time, indeed, any juryman might have withdrawn his signature and repudiated his action. It is not even necessary to decide the case on the ground that the jury wrongfully experimented with the evidence. Both parties have a right to the cool, dispassionate, and unbiased judgment of each juror, and the rule seems to be well established that prejudice will be presumed if liquor is drunk after the jury has retired to consider the case. State v. Baldy, 17 Iowa, 39; Berry v. Berry, 31 Iowa, 415; State v. Reilly, 108 Iowa, 735, 78 N. W. 680; State v. Bullard, 16 N. H. 139; People v. Douglass, 4 Cow. 36, 15 Am. Dec. 332; Rose v. Smith, 4 Cow. 17,

15 Am. Dec. 331; Gamble v. State, 44 Fla. 429, 60 L.R.A. 547, 103 Am. St. Rep. 150, 33 So. 471, 1 Ann. Cas. 285, 12 Am. Crim. Rep. 638; Jones v. State, 13 Tex. 168, 62 Am. Dec. 550; Davis v. State, 35 Ind. 496, 9 Am. Rep. 760; Leighton v. Sargent, 31 N. H. 119, 64 Am. Dec. 328; Ryan v. Harrow, 27 Iowa, 494, 1 Am. Rep. 302; Dolan v. State, 40 Ark. 454; Creek v. State, 24 Ind. 151; State v. Bruce, 48 Iowa, 530, 30 Am. Rep. 403; State v. Madigan, 57 Minn. 425, 59 N. W. 490; State v. Greer, 22 W. Va. 800.

We realize that some authorities hold that prejudice will not be presumed, but must be affirmatively shown. See 12 Cyc. 726. We refuse to follow these cases, however, as it is very difficult for us to see how the defendant can generally, and especially where the misconduct takes place solely within the jury room, furnish the required proof. The rule is well established that a juryman will not be allowed to impeach his own verdict. Counsel for the defendant in the case at bar produced all the evidence that it was possible for him to obtain and to introduce. It would have been competent, it is true, for the state, the verdict having been once attacked, to have produced evidence in support thereof, even though it came from the jurymen themselves, but this it failed to do. The presumption of prejudice, therefore, prevails, as there is no proof to overcome it.

The judgment of the District Court is reversed and the cause is remanded for further proceedings according to law.