Mike M. BRAUN, Jr., Plaintiff
and Appellant,

v.

Alfred RISKEDAHL, Defendant
and Respondent.

No. 8338.

Supreme Court of North Dakota.

April 27, 1967.

Gordon O. Hoberg, Napoleon, for plaintiff and appellant, on appeal.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for defendant and respondent.

TEIGEN, Chief Justice.

The plaintiff has appealed from an adverse judgment and an order denying new trial in an action for damages for personal injuries and property damage sustained when his vehicle was rear-ended by defendant's vehicle. The defendant counterclaimed for personal injuries and damages to his vehicle. The jury returned a verdict dismissing the plaintiff's complaint and the defendant's counterclaim.

At the threshold we are met with defendant's motion to dismiss the appeal from the judgment on the ground that the plaintiff failed to timely take his appeal.

The judgment was entered on December 7, 1962, and notice of entry of judgment was served on December 11, 1962. The notice of appeal was not served until October 7, 1965, nor filed in the office of the clerk of the district court until October 8, 1965. Section 28–27–04, N.D.C.C., provides that an appeal from a judgment must be taken within six months after written notice of entry thereof has been given. This statute is mandatory and jurisdictional. Gunsch v. Boehler, N.D., 91 N.W.2d 343; Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845; Stierlen v. Stierlen, 8 N.D. 297, 78 N.W. 990. More than six months expired from the notice of entry of judgment and the serving and filing of the notice of appeal from the judgment. This was fatal to the appeal from the judgment. No jurisdiction was conferred upon this Court, and the appeal from the judgment is therefore ordered dismissed.

The plaintiff has also appealed from the order denying a new trial. A dismissal of the appeal from the judgment does not affect the appeal from the order denying a new trial. Under the statutes of this State, the remedies afforded by an appeal from a judgment and an appeal from an order denying a new trial are independent remedies. The right to appeal from an order denying a motion for new trial may be exercised after the time for appealing from the judgment has expired, provided the appeal is taken within the time limited by statute for appealing from such orders. Nevland v. Njust, supra; King v. Hanson, 13 N.D. 85, 99 N.W. 1085.

An examination of the record discloses that the appeal from the order denying new trial was timely taken. The order was rendered on August 26, 1965, and the notice of appeal was served on October 7, 1965 and filed in the office of the clerk of the district court, together with proof of service and undertaking, on October 8, 1965. Section 28–27–04, N.D.C.C., provides that an appeal from an order may be taken within

sixty days after written notice of the same shall have been given to the party appealing.

Plaintiff moved for a new trial upon two grounds: (1) *that the evidence is* insufficient to support the verdict, and (2) prejudicial misconduct by jurors in that at least two of them consumed intoxicating liquor and were under the influence thereof during the trial.

■ The first ground of plaintiff's motion for a new trial is the alleged insufficiency of the evidence to justify the verdict. This ground is provided for by Rule 59(b) (6), N.D.R.Civ.P. However, the plaintiff failed to point out wherein the evidence is insufficient as required by Section 28–18–09, N.D.C.C. This section provides:

Specifications of errors and insufficiency of the evidence.—A party desiring to make a motion for a new trial or to appeal from a judgment or other determination of a district court or county court with increased jurisdiction, except upon appeals triable de novo in the supreme court, shall serve with the notice of motion, or notice of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict or that the evidence is of such character that the verdict should be set aside as a matter of discretion, he shall so specify. *A specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient* and it shall be proper to include in such specification, specifications of facts conclusively established, together with the facts claimed not to be established, in such manner as to show intelligibly wherein, on the whole case, the verdict or decision is not supported by the evidence. (Emphasis supplied.)

In Nevland v. Njust, supra, this court said:

Under this statute a motion for a new trial presents no question as to whether the evidence is sufficient or insufficient to sustain the verdict unless the moving party presents with, and as a part of, his motion for a new trial the specifications of insufficiency of the evidence prescribed by the statute. Feil v. Northwestern German Farmers Mut. Ins. Co., 28 N.D. 355, 357, 149 N.W. 358; Cary Mfg. Co. v. Ferch, 67 N.D. 603, 275 N.W. 255; Haslam v. Babcock, 71 N.D. 363, 1 N.W. 2d 335; Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644, 646.

The rule is further supported by these later cases: Mills v. Roggensack, N.D., 92 N.W.2d 722; Robbins v. Robbins, N.D., 70 N.W.2d 37; Jacobs v. Bever, 79 N.D. 168, 55 N.W.2d 512; Mann v. Policyholders' National Life Ins. Co., 78 N.D. 724, 51 N.W.2d 853.

The plaintiff served and filed specifications of error for the first time with his notice of appeal to this Court, in which an attempt is made to point out wherein the evidence is insufficient. However, neither in these specifications nor in his brief has he specified the particulars wherein it is insufficient. He merely states:

1. That the evidence conclusively establishes that the Plaintiff, Mike M. Braun, Jr., was free from contributory negligence and any wrongful misconduct.

2. That the evidence conclusively establishes the proximate cause of the accident which produced the injuries and damage to the plaintiff was not the negligence or misconduct of the Plaintiff, Mike M. Braun, Jr., but was the conduct of the Defendant, Alfred Riskedahl.

3. That there was no evidence of contributory negligence upon the part of Plaintiff, Mike M. Braun, Jr., as shown by the Jury when they dismissed the counterclaim of the Defendant, Alfred Riskedahl.

These specifications would require this Court, if we could consider them, to review all of the testimony and comb the record for

evidence as to the three points mentioned in the specifications, and then determine whether that evidence was competent and sufficient to sustain the verdict. To do so would be to permit a trial de novo in a case tried to a jury. Montana-Dakota Utilities Company v. Culver, N.D., 80 N.W. 2d 541, 544.

It may be argued that the motion for new trial having been submitted to the trial court, and having been passed upon without objection being made to the absence of specifications of error in that court, the defect has been waived, as was held in Clausen v. Miller, 63 N.D. 778, 249 N.W. 791. In that case we held that there was nothing to prevent the trial court from examining the evidence to determine whether the verdict is in accordance therewith and granting a new trial on the grounds of insufficiency of the evidence, although the moving party had failed to point out wherein the evidence was insufficient. In that case, however, this Court affirmed an order granting a new trial. In this case the situation is different; the trial court denied the motion for a new trial and it did not review the evidence as to any particulars. The trial court in its memorandum opinion filed with the order denying a new trial merely lists the fact questions that confronted the jury, and then succinctly states as follows:

> It is the opinion of the Court that in this case there is more than one inference that can be drawn from the presented facts as to whether there was negligence or contributory negligence. This was therefore a question of fact for the Jury to decide. And they decided it, reaching a verdict of dismissal as to both parties. Careful examination of the record does not disclose that the case should be reopened and retried in the interests of justice.

As we stated above, this is not a trial de novo, but strictly a review of matters presented to the trial court. We cannot properly review the matters presented to the trial court unless we can ascertain from the record what those matters were. The plaintiff as appellant has the burden of presenting a record affirmatively showing error. It is a well-established principle, both in civil and in criminal cases, that in an action tried to a jury the question of the sufficiency of the evidence cannot be raised for the first time in the Supreme Court. Lindenberg v. Folson, N.D., 138 N.W.2d 573; Grenz v. Werre, N.D., 129 N.W.2d 681; Lindsay v. Teamsters Union, Local No. 74, N.D., 97 N.W.2d 686; Mills v. Roggensack, supra; Robbins v. Robbins, supra; Moe v. Kettwig, N.D., 68 N.W.2d 853; Mevorah v. Goodman, N.D., 65 N.W. 2d 278; Goodman v. Mevorah, 79 N.D. 653, 59 N.W.2d 192. A motion for a new trial because of insufficiency of the evidence to sustain the verdict is addressed to the trial court's sound discretion, and its decision thereon will not be set aside on appeal unless there has been a manifest abuse of discretion. Campbell v. Russell, N.D., 132 N.W.2d 705; Klokstad v. Ward, N.D., 131 N.W.2d 244; Grenz v. Werre, supra.

We find that plaintiff has not sustained the burden of presenting a record affirmatively showing error, and further, a review of the record in this case indicates to us, when we consider the evidence in the light most favorable to the verdict, as we must do, that the evidence does sustain the verdict. Julson v. Loyal Order of Moose Number 822, N.D., 140 N.W.2d 39; Lindenberg v. Folson, supra.

We come now to the second ground of plaintiff's motion for a new trial, the alleged misconduct of jurors. It is alleged that two members of the jury consumed alcoholic beverages and were "under the influence" of alcohol during "the taking of evidence and the deliberation of the jury." Affidavits were submitted in support of and in resistance to this ground. It appears that two of the jurors had two drinks of mixed liquor during a noon recess on the last day of the trial. A recess was taken at 12:18 p. m. The court reconvened at

1:45 p. m. on the date in question. No additional evidence was taken, both parties having rested. The court heard the usual motions and the respective attorneys made their arguments to the jury. The jury was instructed, and they retired to deliberate at 3:20 p. m. At 4:50 p. m. the jury returned with a verdict. It appears from the affidavits that when the court recessed at 12:18 p. m. for noon lunch, the two jurors in question went to a cafe for their lunch, but found it filled. Thereupon they went to a bar, where one consumed two drinks of whisky and Seven-up, and the other drank vodka and Seven-up, he having had one or possibly two vodka drinks. Thereafter they returned to the cafe and had their noon lunch. The plaintiff by affidavit avers that while in the cafe one of these jurors stood up in the booth, pointed at the plaintiff, who was also a patron at the cafe, and said, "See that big guy down there. What do you think of him?" He also states that the two jurors were louder and more talkative than normal. A third party, not a juror, by affidavit stated that he drank with the two jurors, later saw them in the cafe having dinner, and that they were louder than usual. He also stated that one of them stood up in the booth, pointed to the plaintiff, and made the statement set forth above, and that after they left the restaurant he saw one of them enter another bar. The two jurors who had drunk the intoxicating liquors have also given affidavits in which one admits he had two drinks, and the other that he had one, and possibly two, drinks, before eating lunch. They deny that they became under the influence in any way, or that they were louder than usual, or that one of them stood up and made the remark attributed to them by the plaintiff. They also explained that after lunch they stopped at another bar, but only to purchase cigars; that they consumed no further intoxicating liquors. In resistance to the motion, there were submitted the affidavits of two other jurors who, in effect, averred that they had no knowledge that the challenged jurors had drunk intoxicating liquors nor did they observe that they were in any way under the influence of intoxicating liquors. Both of these affiants were personally acquainted with the two challenged jurors, and averred that they observed no effects or conduct that would indicate to them that the two jurors had drunk intoxicating liquors. In addition to this, the judge who presided at the trial, in his memorandum attached to the order denying new trial, stated as follows concerning the challenged jurors:

> As far as the Court is concerned at no time during the trial did it notice anything untoward with respect to the conduct of the jury or its individual members. In the Kidder County District Courtroom, at Steele, the Judge's Bench and jury box are in very close proximity, so that if there was anything wrong with any of the jurors the Court would be the first to know.

In State v. Applegate, 28 N.D. 395, 149 N.W. 356, L.R.A. 1915C, 315, this Court set aside a judgment of conviction for the crime of maintaining a common nuisance under the liquor laws of North Dakota. It was shown that three quart bottles of beer, which were introduced in evidence and were taken by the jury into the jury room, were found empty at the time that such jury reported that they had arrived at a verdict. The court reasoned that prejudice would be presumed to the defendant under such circumstances, and where such prejudice has not been overcome by competent evidence a reversal will be ordered even though the taking of the exhibit into the jury room was not objected to by counsel for the defendant. In that case the appeal was from the judgment; the question had not been passed on by the trial court.

The first question is whether there was a waiver by the plaintiff of the right to raise the point that he was prejudiced by the action on the part of the two jurors during the course of the trial. Ordinarily, the rule is that where a party wishes to take advantage of irregularities

occurring during the course of a trial, either on the part of the court, the jury, the parties, or anyone acting for or on their behalf, he must do so at the time they occur, to the end that the court may take appropriate action if possible to remedy any prejudice that may have resulted. Kinneberg v. Kinneberg, 8 N.D. 311, 79 N.W. 337. In that case this Court said:

> This rule proceeds upon the principle that one who has knowledge of facts which would vitiate the verdict should bring such facts to the attention of the court at the earliest possible moment, to the end that the fault may be corrected, and, if this is not done, he is deemed to have waived the right to object; or, as sometimes expressed, he is not permitted to conceal the knowledge of the facts, and take the chance of the verdict being favorable to him, and then, if unfavorable, have it set aside upon grounds which he has concealed.

The plaintiff in his affidavit in support of the motion for a new trial also states that the two jurors in question were known by him to be jurors in this action, and that "their loud, loquacious conversation indicated to affiant that they had been drinking." But the record does not disclose that he or his attorney advised the court thereof. The plaintiff does not now make claim of lack of knowledge of the alleged misconduct while the trial was in progress. In a similar situation, South Dakota held that the failure to call to the judge's attention the fact that a juror was intoxicated during the trial constituted a waiver of any misconduct. Ewing v. Lunn, 22 S.D. 95, 115 N.W. 527. We think the plaintiff has waived alleged misconduct in this case. However, the trial court did pass on the question on the motion for new trial, and for this reason we will review the trial court's ruling. It is a well-established rule that it is within the sound discretion of the trial court to determine whether a new trial shall be granted, and the trial court's action will not be disturbed on appeal unless such discretion has been abused.

The trial court did consider the affidavits submitted to it in support of and in resistance to the motion, and it made its own observation as set forth in its memorandum and quoted above. While we do not condone the drinking of intoxicating liquor by jurors while in the discharge of their duties, we are of the opinion that the plaintiff has not shown that he was prejudiced in any way because thereof, or that the jurors' faculties were impaired. Misconduct of jurors, as misconduct of counsel, in order to warrant the granting of a new trial, must appear to have been prejudicial to the interests of the complaining party. Fox v. Bellon, N.D., 136 N.W.2d 134. We think the proper rule is well-stated in 39 Am.Jur., New Trial, Section 75. It states as follows:

> The rule which is supported by the weight of authority and is applicable to both civil and criminal cases is that misconduct of jurors in drinking intoxicating liquor during a trial is not ground for a new trial in the absence of any showing that the jurors drank to such an extent as to affect or impair their faculties or produce intoxication; according to this rule, the question involved is not the impropriety of the use of intoxicating liquor, but whether or not injurious consequences have resulted to a party litigant. According to the weight of modern authority, the use in moderation of intoxicating liquors by the jurors at their own expense while in the discharge of their duty, although a thing not to be encouraged, is not ground for setting aside the verdict unless injurious consequences resulted therefrom, or unless there are grounds for believing that the effect of the intoxicating liquors thus taken was such as to impair a juror's reasoning powers, influence his passions, or have an improper influence upon his opinion.

See also 6 A.L.R.3rd page 936, for a collection of cases on this point.

We find that the trial court did not abuse its discretion when it denied a new

trial on the two grounds set forth in the motion.

The order denying a new trial is affirmed, and the appeal from the judgment is dismissed.

STRUTZ, ERICKSTAD and KNUD-SON, JJ., and C. F. KELSCH, District Judge, concur.

MURRAY, J., deeming himself disqualified, did not participate; C. F. KELSCH, District Judge of the Sixth Judicial District, sitting in his stead.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.