[No. 10,450.—Department Two.]

## PEOPLE *v.* JAMES ANTHONY.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE. — Newly discovered evidence which is merely cumulative, or designed to contradict a witness, is not of a character to warrant a new trial.

INSTRUCTION — CIRCUMSTANTIAL EVIDENCE. — An instruction set forth in the opinion, distinguishing between direct testimony and circumstantial evidence, and defining their character and value, *held* to correctly state the rule with respect to circumstantial evidence.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Twenty-second District Court, County of Mendocino. TEMPLE, J.

*Creed Haymond*, and *G. A. Cheeney*, for Appellant.

*A. L. Hart*, Attorney-General, and *Barclay Henley*, for Respondent.

MORRISON, C. J.:

The defendant was tried and convicted, in the late District, Court of Mendocino County, of the crime of murder in the first degree, and was sentenced to imprisonment for life in the State prison.

James Anthony and Jesse Anthony, brothers, and one Lizzie Shrum, were jointly indicted for the crime of murder, alleged to have been committed in said county of Mendocino, on the 11th day of July, 1878, by the willful and unlawful killing, with malice aforethought, of one A. J. Shrum. The defendants demanded separate trials, and James Anthony having been convicted, appeals to this court from the judgment of conviction, as well as from the order of the Court below denying his motion for a new trial.

1. The first ground taken on this appeal is, that the verdict was contrary to law and the evidence.

The theory of the prosecution was, that Shrum was killed by Jesse Anthony, and that his brother James advised and encouraged the commission of the act. This brings the case within § 31 of the Penal Code.

We have examined the transcript very carefully, and cannot say that there was not sufficient evidence to justify the jury in finding the defendant guilty. The witness Brown testified to a confession made to him by James Anthony. The conversation detailed by the witness is quite long, and in it this defendant expressed a desire that the crime might be fastened upon one Albert Smith, and said to Brown: "If we could convict anybody, it would do away with this d——d noise, and me and Jesse would be just as much thought of as we were before we did it." (Transcript, folio 393.)

This confession, in connection with other circumstances tending to implicate the defendant, was sufficient to authorize a verdict of guilty, and we cannot undertake to say that the witness Brown was unworthy of credit, and that therefore his testimony should have been rejected by the jury. It is true, that Brown was a hostile witness, and the evidence shows that he took a great interest in the prosecution; but these circumstances, and others found in the transcript, are not sufficient to

justify this Court in holding, that the conviction was contrary to the evidence, and that, therefore, the ruling of the Court below, denying defendant's motion for a new trial, was erroneous.

2. The next point in the case that we will notice relates to the alleged misconduct of the juror Babcock. The evidence upon this question is conflicting, and the conclusion arrived at by the learned judge who tried the case is supported by the statements of the juror and the evidence of the witness Cook. We cannot, therefore, say that there was error in holding, as the Court did, that there was not sufficient evidence of misconduct on the part of the juror to warrant the Court in disturbing the verdict.

3. The third ground relied upon by defendant's counsel is, that a new trial should have been granted on the ground of newly discovered evidence. The newly discovered evidence appears to have been simply cumulative or designed to contradict the witness Brown and others, and was not of such a character as entitles the defendant to a new trial.

4. The fourth ground relied upon for a reversal of the judgment in this case is, that the instruction given at the request of the prosecution was erroneous. The instruction complained of is as follows:

"There are two classes of evidence recognized and admitted in courts of justice, upon either of which juries may lawfully find an accused guilty of crime. One is direct or positive testimony by an eye-witness of the commission of a crime, and the other is proof by testimony of a chain of circumstances pointing sufficiently strong to the commission of the crime by the defendant, and which is known as circumstantial evidence. Such evidence may consist of admissions by the defendant, threats previous to the commission of the crime, tending to show a hostility on his part against the deceased—and in short, any acts, declarations, or circumstances admitted in evidence tending to connect the defendant with the commission of the crime. There is nothing in the nature of circumstantial evidence that renders it any less reliable than the other class of evidence. A man may as well swear falsely to an absolute knowledge of the facts, as to a number of facts from which, if true, the facts on which

the guilt or innocence depends must inevitably follow. No human testimony is superior to possible doubt. And all that is required is this: if, under the foregoing rules, the testimony is sufficient to convince you, as reasonable men, beyond a reasonable doubt, that defendant did commit the act charged, although the fact may be in a degree surrounded by a doubt, then I charge you it is your duty to convict."

We find no error in the foregoing instruction; and, in our opinion, it correctly states the rule relating to circumstantial evidence. But even if it were justly the subject of criticism, the following instructions given by the Court fully presented the law applicable to the case:

Third instruction: "When the evidence against the defendant is made up wholly of a chain of circumstances, and there is a reasonable doubt as to one of the facts essential to establish guilt, it is the duty of the jury to acquit."

Fifth instruction. "In order to convict the defendant upon the evidence of circumstances, it is necessary, not only that all the circumstances concur to show that he committed the crime charged, but that they are inconsistent with any other rational conclusion. It is not sufficient that the circumstances proved to coincide with, account for, and therefore render probable, the hypothesis sought to be established by the prosecution, but they must exclude to a moral certainty every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty."

The next point relied upon is, that the Court erred in not sustaining defendant's objection to the testimony of Brown, in which he related a conversation between Jesse Anthony and himself. It is sufficient to say that the testimony admitted was immaterial, and did not in any manner tend to prejudice the defendant's case before the jury; and the same may be said of the testimony of the witness Davis. (Folio 422 of the Transcript.)

The fifth and last point to be noticed is the alleged error of the Court in admitting in evidence the statement of Jesse Anthony, testified to by the witness Lownes. It is a sufficient answer to this objection that the evidence came in without any objection, and no exception to it appears in the bill of excep-

tions. It was, however, competent evidence against the defendant Jesse, and was properly before the jury.

We find no error in the proceedings of the Court below. Judgment and order affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.