## W. E. FISK v. WM. FEHRS and Mrs. Wm. Fehrs.

### (155 N. W. 676.)

**Judgment — decree — compliance with — voluntary — payment — performance — appeal — no bar to — reversal — rights — waiver — conditions imposed — relief.**

1. Even a voluntary compliance with the judgment or decree of a court by payment or performance is no bar to an appeal for its reversal, particularly when repayment or restitution may be enforced, or the effect of compliance may

be otherwise undone in case of a reversal, and the mere payment of costs by an unsuccessful litigant, even though voluntary, is not such an acquiescence in or recognition of a judgment, order, or decree as will constitute a waiver of the right to appeal unless perhaps in some instances when such payment is voluntarily made in compliance with a condition imposed by the court on granting relief asked by the appellant.

**New trial — order refusing — evidence — newly discovered — cumulative — discretion — abuse of.**

2. An order refusing a new trial on the ground of newly discovered evidence will not as a rule be deemed an abuse of discretion where the evidence alleged to have been newly discovered is merely cumulative.

**New trial — newly discovered evidence — refusal — due diligence — showing made.**

3. A refusal to grant a new trial on the ground of newly discovered evidence will not be deemed an abuse of discretion where due diligence in obtaining the same was not shown.

**New trial — grounds for — newly discovered evidence — discretion of court — result — different — another trial.**

4. The granting of a new trial on the ground of newly discovered evidence is a matter which rests largely within the discretion of the trial court, and in no case will such discretion be interfered with on appeal, and a refusal to grant such new trial be looked upon as an abuse of discretion, where the affidavits do not show such new evidence as will probably lead to a different result on another trial.

Opinion filed November 22, 1915.

Appeal from the District Court of Adams County, *Crawford,* J. Action in claim and delivery. Appeal from an order denying a motion for a new trial on the ground of newly discovered evidence and also from the original judgment. Judgment for defendants. Plaintiff appeals.

Affirmed.

Statement of facts by BRUCE, J.

This is an action in claim and delivery against the alleged vendee of personal property to recover the possession of the same under a claim of ownership in the plaintiff, and not in the vendor. The property was brought to Adams county, North Dakota, in the month of April,

1910, by Irl V. Fisk, the son of the plaintiff and appellant, W. E. Fisk.

The question at issue is whether the property belonged to the son, Irl V. Fisk, and was sold by him to the defendants and respondents, Wm. Fehrs and Mrs. Wm. Fehrs, or belonged to his father, the appellant, W. E. Fisk. A verdict in the case was rendered for the defendants and judgment for the costs of the action entered thereon on the 27th day of December, 1912. On the 20th day of January, 1913, this judgment was paid by the plaintiff and the satisfaction entered of record. On the 7th day of October, 1913, a motion for a new trial was made on the ground of newly discovered evidence; the affidavits in support of and in opposition to the same being as follows:

"W. E. Fisk, being first duly sworn, deposes and says that he is the plaintiff in the above-entitled action, that at the trial of said action before this court, this plaintiff contended that he was the owner of certain articles of personal property described in the files herein, and the defendants contended that they had become the owners of the same by purchase from one Irl V. Fisk, in whose possession this plaintiff had left the property; that said Irl V. Fisk was a material witness on the part of this plaintiff, and that before the commencement of this action and while the same was pending, this plaintiff made inquiries as to the whereabouts of this said Irl V. Fisk, by going personally to his last known place of residence, near Grand River, Perkins county, South Dakota, and there making inquiries of person residing near by; that affiant addressed letters to the said Irl V. Fisk, at Grand River, South Dakota, and Hettinger, North Dakota, but that the same were unanswered; that said Irl V. Fisk is the son of affiant, and that affiant was unable to learn of his whereabouts from the fall of 1910 until the 1st of August, 1913, when the said Irl V. Fisk was ill in a hospital at the city of Superior, in Douglas county, state of Wisconsin, and sent to affiant for aid. Affiant further states that he is informed and believes, and on such information states, that if a new trial of this cause be granted by the court, the said Irl V. Fisk will testify that this plaintiff never gave to him the property in question in this suit; that he, the said Irl V. Fisk, never sold or transferred or in any way disposed of the same, or any part thereof, to the defendants, but that, as appears from his affidavit herein, he was frightened by the representations and state-

ments of defendant, and left the state of South Dakota and county of Perkins, wherein he resided. Affiant further states that this affidavit is made for the purpose of securing a new trial of the above-entitled action. Further affiant saith not."

Affidavit of Mary Fisk: "Mary Fisk, being first duly sworn, deposes and says that she is the mother of Irl V. Fisk, and the wife of the above-named plaintiff; that from and after the month of December, 1910, she had no knowledge of the whereabouts of said Irl V. Fisk, until about the 1st of August, 1913, when she was informed that he was sick in a hospital in Superior, Wisconsin, where she later found him; that of her own knowledge she knows that the said W. E. Fisk, the plaintiff above named, made continual efforts to find said Irl V. Fisk, and requested affiant to write letters making inquiry as to his whereabouts; that affiant wrote letters to A. L. Fisk, Clinton, Iowa, and T. Fisk, La Porte, Indiana, and Superior, Wisconsin, making inquiry as to the whereabouts of said Irl V. Fisk, but that she was unable to learn where he had gone. Further affiant saith not."

Affidavit of Lewis W. Bicknell: "Lewis W. Bicknell, being first duly sworn, deposes and says that he is one of the attorneys for the plaintiff in the above-entitled action, and was present and conducted the trial thereof at the city of Hettinger, North Dakota, before this court, at an adjourned term thereof, on or about the 18th day of November, 1912; that said trial resulted in a verdict in favor of the defendant on all the issues; that the above-entitled action involved the question of the ownership of certain articles of personal property, and, as will more fully appear from the files of said action, of record in this court, the question before the court was whether, as a matter of fact, said articles of personal property were sold to the defendants by one Irl V. Fisk, and whether the said property was given to said Irl V. Fisk by the plaintiff herein; that Irl V. Fisk was a material witness on the part of the plaintiff, and that at the time of commencing this action, and before the trial thereof, the plaintiff made efforts to locate said Irl V. Fisk, but that the whereabouts of said Irl V. Fisk were to plaintiff unknown. Affiant further states that he himself made inquiries as to the whereabouts of said Irl V. Fisk, by going personally to his last-known address, and there making inquiry of one Henry Stolzenburg, of Grand River, Perkins county, South Dakota, and of Adolf Frabm, of the same place,

and of Mrs. Fehrs, one of the defendants in the above-entitled action, and of George W. Becker at Hettinger, North Dakota, and at the post-office or store at Grand River, South Dakota, but affiant could not learn where the said Irl V. Fisk then was. Affiant further states that he is informed and believes, and on such information and belief states the fact to be, that the said Irl V. Fisk will testify that the plaintiff herein never gave the articles of personal property described in the files of this case to him, the said Irl V. Fisk, and that he, the said Irl V. Fisk, never sold the same, or any part thereof, to the defendants or either of them; that the testimony is material to this cause, and, as shown herein, and by the accompanying affidavits of Irl V. Fisk, Mary R. Fisk, and W. E. Fisk, could not have been produced at the former trial of this cause; that this evidence is newly discovered by plaintiff, the circumstances of which more fully appear in the accompanying affidavits. That this affidavit is made by affiant for the purpose of moving for a new trial in the above-entitled action. Further deponent saith not."

Affidavit of Irl V. Fisk: "Irl Fisk, being first duly sworn, says that he is the son of the plaintiff above named, and that in the summer of 1910 he lived in Perkins county, South Dakota, about 12 miles from the town of Hettinger, North Dakota; that he was living on a home-stead, and that he had on said homestead one pair of iron gray mules, one pair of geldings, two milch cows and two calves, a wagon, a drill, harrows, plows, and other machinery and harnesses. That all of said property belonged to the plaintiff, the father of this affiant. That about the month of August, 1910, the above-named defendant stated to this affiant that there was a thousand dollars reward offered for his capture and that he had better immediately leave the country. Affiant further says that he was greatly frightened and did immediately leave the state; that neither his father nor his mother knew where he was until less than three weeks ago; that among other places he has been in Michigan, and sailing on the Great Lakes, and is now confined in St. Mary's Hospital in the city of Superior, Wisconsin; at which hospital he has been for the past two months. Affiant further says that he did not sell any of said property to said defendant William Fhers [Fehrs], and that said William Fhers [Fehrs] did not pay him anything for said property, and that he gave him no right, title, or interest in said property in any manner whatsoever. Affiant further says that he makes this affidavit

of his own accord and at the request of his mother for the purpose of aiding his father in securing a new trial in the above-entitled action. Affiant further says that his mother has been in the city of Superior in attendance on him for the past ten days."

The affidavits in opposition were as follows: Affidavit of Paul W. Boehm: "Paul W. Boehm, being first duly sworn, deposes and says that he is one of the attorneys for the defendants in the above-entitled action, and was present and assisted at the trial thereof before the court and a jury at the November, 1912, term of the district court held at Hettinger, Adams county, North Dakota. That at said trial the parties appeared in person and by their attorneys, and submitted the testimony of numerous witnesses. That among other testimony introduced by the plaintiff was that of the plaintiff, his wife Mary Fisk, Peter Paulson, and Henry Stolzenberg. That each of said witnesses testified that Irl Fisk made no claim to the property involved in the action, and that he stated it belonged to his father the plaintiff. That, consequently, the evidence of Irl Fisk to such a fact would be only corroborative of that already adduced. Further deposing, affiant says that the evidence of the defendants, witnesses proved that the plaintiff at different times stated he had given said property to his son to start him in farming, and that said Irl Fisk held, handled, sold, and traded the same as his own, without any objection being made thereto until more than two years after his son had disposed of the same; this in spite of the fact that the plaintiff well knew of his son's leaving his homestead in the summer of 1910 and never returning to the same. Affiant says, further, that at the said trial of this action, evidence, corroborated by many witnesses, was introduced showing exactly what consideration Irl Fisk had received for each article of personal property traded and sold to this defendant and to others; when, where, how, to whom, and for what consideration said Irl Fisk had disposed of all of the chattels involved herein; that these facts were proved by such a preponderance of evidence that no testimony on the part of Irl Fisk would be likely to lead to a different verdict or result. That the newly discovered evidence mentioned in the affidavits of the plaintiff, his wife, and son, filed in support of this motion, is nothing more than cumulative; and coming from the son of the plaintiff and from an interested party, that it would necessarily be of little weight. Further deposing affiant says that upon

the verdict of the jury impaneled to try this case as aforesaid, judgment was duly entered therein in favor of the defendants and against the plaintiff. That thereon costs were duly taxed in the case, and that on the 20th day of January, 1913, said judgment for costs was duly paid and satisfied. Affiant says further that the trial of said action was held before the Honorable W. C. Crawford, district judge for the tenth judicial district, and that the Honorable Samuel L. Nuchols, before whom this motion is made, took no part in the said trial of this case. That the evidence introduced at said trial was conflicting, and that the verdict rendered by the jury was fully justified thereby."

Affidavit of Wm. Fehrs: "Wm. Fehrs, being first duly sworn, deposes and says that he is the defendant in the above-entitled action, and now and for the past six years and more has resided in Adams county, North Dakota, with his postoffice address at Hettinger. That he is well acquainted with W. E. Fisk and with Mary E. Fisk, his wife, who are residents of Day county, South Dakota, and that he has known them for more than ten years last past. Further deposing, affiant says that he was living on his homestead near Hettinger, North Dakota, at the time Irl V. Fisk first came there to start farming operations. That he met said Irl Fisk at that time and assisted him in getting settled. That at said time, to wit, in the spring of 1910, said Irl Fisk told this affiant and many others that his father gave him the personal property involved herein, for the purpose of starting him in farming on his homestead. That said Irl Fisk had uninterrupted possession of said personalty from the time he came out here up to the time he sold or traded it or took it with him on his way to Canada in August, 1910, and that the plaintiff, W. E. Fisk, made no claim or demand for the same until the starting of this action over two years later; and this in spite of the fact that he well knew of said Irl Fisk's departure from the vicinity of Hettinger and his absence up to the fall of 1912. That after said Irl Fisk's wife had secured a divorce from him in the spring of 1912, and more than two years after Irl Fisk's desertion of his wife and departure from Adams county, North Dakota, this action was commenced. Further deposing, affiant says that in the spring of 1910, he had several conversations with said W. E. Fisk, the plaintiff, in the home of this affiant and on the homestead of said Irl Fisk, and that said W. E. Fisk therein told this affiant that he had given his son Irl

the personalty involved herein to start him out in life and set him up on his new homestead. Further that he never at any time told said Irl Fisk there was a reward out for his arrest as alleged in the affidavit of said Irl Fisk, but that it was well known in the vicinity of affiant's residence that he had been accused of shooting a certain mare belonging to Henry Stolzenberg, of Grand River, South Dakota; that he had admitted having done so, to one Cleve Stolzenberg, and had made promises to settle the matter; that a warrant for his arrest was subsequently sworn out and attempts made to catch him in South Dakota. Further that said Henry Stolzenberg, then a deputy sheriff of Perkins county, South Dakota, for a long time after said Irl Fisk's flight from the vicinity of Hettinger, endeavored to locate him for the purpose of making the arrest, and twice arrested parties who were suspected of being said Irl Fisk. That, however, said Irl Fisk never returned to Perkins county thereafter, nor to his wife and child, and the plaintiff herein did not make any claim to any of the personalty involved herein until two years after, although he well knew of his absence from the county and state."

Affidavit of Clara Brown: "Clara Brown, being first duly sworn, deposes and says that she is a resident of Perkins county, South Dakota, with her postoffice at White Butte, South Dakota. That prior to October, 1912, she resided in Adams county, North Dakota, for a period of about five years, with her address at Hettinger. That on the 28th day of July, 1910, she was married to Irl Fisk, whose affidavit is annexed to the notice of motion for new trial in the case of W. E. Fisk v. Wm. Fehrs and Mrs. Wm. Fehrs, and that she has read the said affidavit. Further deposing, affiant says that at the time she married said Irl Fisk, he had in his possession the personal property mentioned in his said affidavit excepting the pair of geldings, one milch cow, and two calves, which he had previously traded away. That at the time of said marriage and at all times this affiant lived with said Irl Fisk he had possession of the personal property mentioned in said affidavit except such as he had traded off as aforesaid, and that he always claimed the same as his own, and that it had been given to him by his father to start him, the said Irl Fisk, in farming. That on August 3, 1910, this affiant accompanied her husband, said Irl Fisk, on an overland trip to Bonetrail, North Dakota, and Marmon, North Dakota, where they stayed

during the threshing season. That when said Irl Fisk left Adams county on said trip he took with him one team of mules and one team of geldings and a pair of ponies. That, however, with the exception of the mules, these were not the ones he possessed at the time of affiant's marriage with said Irl Fisk, he having previously made several trades. That on said overland trip said Irl Fisk traded a pair of geldings he had with him for a brown mare, and at Marmon, North Dakota, he sold the team of ponies to one Dan Helms, of Marmon, North Dakota. Further deposing, affiant says that, after her marriage to said Irl Fisk and up to their arrival at Marmon, she was in constant communication with Mary E. Fisk, the mother of said Irl Fisk, who well knew of his movements,—of his removal from Hettinger to the Canadian line, and of his subsequent desertion of this affiant. That said Irl Fisk left this affiant in November, 1910, and never thereafter returned to her, utterly failing to support her, although he left her with but little money. Further deposing, affiant says that in the spring of 1912 this affiant obtained a decree of divorce from said Irl Fisk on the grounds of desertion and nonsupport. That after leaving this vicinity in the fall of 1910, said Irl Fisk never returned, and that said Mary E. Fisk and her husband well knew of his departure, and up to the time of said divorce never concerned themselves about the personal property above mentioned, although this affiant was in frequent communication with them. Further deposing, affiant says that the said affidavit of said Irl V. Fisk is in many respects misleading and absolutely false in many others. Further deposing, affiant says that her former husband, in affiant's presence and hearing, told Dan Helms, of Marmon, North Dakota, that he had shot a certain horse, neighbor's horse, in South Dakota, and that that was why he had left the country."

The motion for a new trial was denied and from the order denying the same and from the original judgment for costs this appeal is taken.

*Lewis W. Bicknell* and *O. H. Aygarm,* for appellant.

The applicant for a new trial on the ground of newly discovered evidence must show due diligence in his attempt to prepare for the former trial; such evidence must not be merely cumulative, and it must be material, and of such weight as to lead to the belief that a different

result would be reached on a new trial. 29 Cyc. 881 et seq., 906; Perry v. Cedar Falls, 87 Iowa, 315, 54 N. W. 225.

For the purposes of the motion the newly discovered evidence must be regarded as true. Goldsworthy v. Linden, 75 Wis. 24, 43 N. W. 656.

It is immaterial that the new facts go to prove some point in issue at the former trial. Such is not the test of the question as to the propriety of granting a new trial. Waller v. Graves, 20 Conn. 305; Guyot v. Butts, 4 Wend. 579; Parker v. Hardy, 24 Pick. 246; Smith v. Meeker, 153 Iowa, 655, 133 N. W. 1058.

Even though the evidence appears to be cumulative, still if it is of such apparent strength that it would be likely to produce a different result, the new trial ought to be granted. Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; St. Paul Harvester Co. v. Faulhaber, 77 Neb. 477, 109 N. W. 762; Parsons v. Lewiston, B. & B. Street R. Co. 96 Me. 503, 52 Atl. 1006, 12 Am. Neg. Rep. 38; Cleslie v. Frerichs, 95 Iowa, 83, 63 N. W. 581; 49 Cyc. 916, and cases cited under note 98.

*Boehm & Jackson,* for respondents.

It is the rule that a new trial will not be granted on cumulative or impeaching evidence, unless it is so strong that it would lead to a different result. The trial court must be satisfied on this point, and its ruling, ordinarily, will not be disturbed. Libby v. Barry, 15 N. D. 286, 107 N. W. 972; Smith v. Mutual Cash Guaranty F. Ins. Co. 21 S. D. 433, 113 N. W. 94.

The offered newly-discovered evidence must tend to prove or disprove some material issue in the case. If it relates to mere collateral matters, it is not sufficient. State v. Brandner, 21 N. D. 310, 130 N. W. 941; Ernster v. Christianson, 24 S. D. 103, 123 N. W. 711; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Lunschen v. Ullom, 25 S. D. 454, 127 N. W. 463; Oberlander v. Fixen, 129 Cal. 690, 62 Pac. 254.

The court is without jurisdiction to consider this appeal. The notice of appeal and undertaking must be served within year from the notice of entry of judgment. This was not done. Wilson v. Kryger, 26 N. D. 77, 51 L.R.A.(N.S.) 760, 143 N. W. 764.

After a judgment has been entered and satisfied by the defeated party, he cannot bring up to the appellate court for review an extinguished

judgment. Re Black, 32 Mont. 51, 79 Pac. 554; Borgalthous v. Farmers' & M. Ins. Co. 36 Iowa, 250; Smith v. Patton, 128 Ala. 611, 30 So. 582; Plano Mfg. Co. v. Rasey, 69 Wis. 246, 34 N. W. 85.

BRUCE, J. (after stating the facts as above). The first answer that is made by respondent to appellant's motion for a new trial on the ground of newly discovered evidence, and claim of an abuse of discretion on the part of the trial judge in refusing the same, is that appellant is estopped by reason of the fact that he paid the judgment for costs and had the same satisfied of record. There is no doubt authority for counsel's contention, and it is not without merit. The better and more generally accepted rule, however, and the one which we prefer to adopt, is "that even a voluntary compliance with the judgment or decree of the court by payment or performance is no bar to an appeal or writ of error for its reversal, particularly where repayment or restitution may be enforced, or the effect of compliance may be otherwise undone in case of a reversal," and that "the mere payment of costs by an unsuccessful litigant, even though voluntary, is not such an acquiescence in or recognition of a judgment, order, or decree as will constitute a waiver of the right to appeal . . . unless [perhaps in some instances where such] . . . payment is voluntarily made in compliance with a condition imposed by the court on granting relief asked by the appellant." See 3 C. J. 675, 679, and cases cited.

We are not prepared, however, to hold that the learned trial judge abused his discretion in the case at bar. The evidence was largely cumulative, and the introducing the new element or claim that the vendor was persuaded by the purchaser to leave the country went merely to prove or disprove the main question of ownership. So, too, and even if this element were new, no great advantage could come to the plaintiff and appellant by an attempted proof thereof, as the affidavits which are filed by the respondent, as well as a letter which was written by the alleged vendor himself, clearly prove that he was a fugitive from justice and had good reason for his departure. The affidavit of the son (the vendor) on which the motion for a new trial was based, also, it is true, denies the sale, but this is merely subsidiary to the question of title, and if the appellant did not own the goods it is immaterial how the possession by the defendants was acquired. The main objection to the

32 N. D.—9.

motion, however, is that there is no satisfactory showing of diligence or of good faith. The son, the vendor, sold to or left the property with the respondents in the summer of 1910, and no inquiry seems to have been made by the appellant in relation thereto until the spring of 1912, nor was the suit brought until July, 1912. During all of this time the plaintiff and appellant knew that his son was a wanderer and had left the state of South Dakota. Before the starting of the lawsuit, his wife received a letter from her son from some point in Michigan. She swers that she received no letter from Grand River, South Dakota, since 1910, and yet the only inquiries that appear to have been made were in South Dakota, and "by addressing letters to the said Irl V. Fisk at Grand River, South Dakota, and Hettinger, North Dakota, but that the same were returned." On the trial, too, whenever questions were asked by defendants' counsel as to the whereabouts of the son, strenuous objection was made thereto by the appellant, and the objections were sustained by the court.

The general rule appears to be that the granting of a new trial on the ground of newly discovered evidence is a matter which rests largely within the discretion of the trial court, and that in no case will such discretion be interfered with on appeal and a refusal to grant such new trial be looked upon as an abuse of discretion when the affidavits do not show "such new facts as will probably lead to a different result on another trial." Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Hayne, New Tr. & App. § 91; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; State v. Cray, 31 N. D. 67, 153 N. W. 425. Here no such probability appears. The son's (Irl V. Fisk's) affidavit as to the ownership of the mules is directly contradicted by his letter to his wife soon after he left, and dated December 17, 1910, and in which he says: "I offered the mules to Frank Bulls for $250, and he had to ship the big box and the other stuff, and when you folks want to sell them and the wagon, harness, and tent tarpaulin for that money on a year's time write Axel Larsen, Clinton, N. D." It is also inconceivable that if the plaintiff was the owner of the property he would have made no claim for it, nor, as far as the record shows, paid any attention to it, or attempted to put anyone in charge of it, until the spring of 1912, when he himself admits that as early as the winter of 1910 he knew that his son had left

the country, and that he had from that time some information, at least, as to where the property was, "partly from letters written by his son to his wife" and "partly from other sources."

This is not a case where the person seeking the new trial was dragged into court by his opponent without due opportunity for the preparation of his defense, but where he himself started the action, after having had nearly two years in which to obtain his information and to find his witnesses.

The judgment and order appealed from are affirmed.

FISK, Ch. J., being disqualified, did not participate, and W. L. NUESSLE, District Judge, sat in his stead.