JOHN A. COWAN, Respondent, v. HERMAN RUTTEN and Edgar
Rutten, Doing Business as Rutten & Rutten, Appellants.

(214 N. W. 621.)

**Appeal and error — absence of specification of error — directed verdict —
affirmed.**

> Where there are no specifications of error, and no motion for a directed
> verdict was made in the court below, an appeal from a judgment based upon
> the verdict of the jury, in a case properly triable to a jury, will be affirmed
> summarily.

Opinion filed June 25, 1927.

Appeal and Error, 3 C. J. § 641 p. 749 n. 36; § 1495 p. 1347 n. 54.

Appeal from the District Court of Ramsey County, *Jansonius,* J.
Affirmed.

*Romanus J. Downey,* for appellants.

*W. M. Anderson,* for respondent.

Burr, J.  This case is before us upon an appeal from the judgment
of the district court in a jury case wherein judgment was rendered in
favor of the plaintiff and against the defendants on the 13th day of
November, 1926.  No motion for a directed verdict was made in the
court below.  On March 4, 1927, a statement of the case was settled,
consisting of the transcript of testimony and the exhibits introduced,
and the appeal was perfected on April 8, 1927.  No specifications of
error on this appeal were ever served.  Shortly after perfecting the
appeal from the judgment the defendants made a motion for a new
trial basing the same on four grounds.  There is nothing to indicate
any appeal from the order denying the new trial, and thus the proceed-
ings on this motion for a new trial are not before us.  However, on this
appeal from the judgment, the appellant attempts to make the grounds
for the new trial the specifications of error in this case stating:  "The
defendants and appellants herein specify as the errors upon which they
will rely in the supreme court each and all of the errors as specified
in the motion for a new trial."  It must be clear that this does not

make these grounds the specifications of error on the appeal from the judgment, and it is the appeal from the judgment which is before us. We are not considering in any way the alleged motion for a new trial, and proceedings thereon; nor are we considering whether such motion could be made after appeal from the judgment. Neither are we considering whether there is yet time to appeal from the order denying the new trial. We are concerned simply and solely with the appeal from the judgment. There being no specifications of error on this appeal there is nothing for this court to review. Jacobson v. Klamann, 54 N. D. 867, 211 N. W. 595. Therefore the judgment is affirmed.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON, and BURKE, JJ., concur.