[File No. 6026.]

WILLIAM WEBSTER, Respondent, v. JOHN EK and Amanda Ek, Appellants.

(241 N. W. 503.)

Opinion filed February 25, 1932.

*Kvello & Adams,* for appellants.

46

*A. Leslie,* for respondent.

BURR, J.   On July 12, 1930, a collision occurred between plaintiff's car driven by himself and a car belonging to the defendant John Ek and driven by Amanda Ek.   Plaintiff commenced an action for damages because of the collision, and the defendant John Ek in his counterclaim asks judgment for damages to his car.   The jury returned a verdict in favor of the plaintiff and judgment was entered thereon.

The defendants moved for a new trial upon two grounds; first, misconduct of the jury and second "newly discovered evidence material to the defendants which they could not with reasonable diligence have discovered and produced at the trial."   This motion was denied and the defendants appeal specifying as error that "the court erred in . . . denying defendants' motion for a new trial on the ground of newly discovered evidence."

The plaintiff was alone in his car and gave his version as to how the collision took place. He stated he had travelled from Lisbon, south, and reached highway No. 13, which runs east and west, that his car was at a standstill on the south side of this highway, and within a foot of the edge of the shoulder; that defendant's car was coming from the east, travelling on the north side of this same highway; that when defendants' car came within a rod or two of his car it deliberately veered over to the southeast at a speed of approximately twenty-five miles per hour and struck his car, on the left front corner. The plaintiff produced no other eye witness to the collision, but furnished some testimony showing the relative position of the two cars after the collision.

The defendants, who are husband and wife, were travelling west and were sitting in the front seat of their car, while three young ladies, nieces of the wife, were sitting in the back seat. The defendants state that plaintiff was travelling south on highway No. 9 toward highway No. 13, which runs east and west; that as they were within a few feet of the Y formed by the intersection of the highway they saw the plaintiff's car some 250 feet away coming from the north at a furious rate of speed; that they were travelling at a very slow rate of speed; when they reached the intersection of the road the plaintiff struck them with the left front side of his car; that the force of the collision interlocked the car and pushed their car over to the south side of the highway. In this they are corroborated by two of the nieces. There is no dispute between the parties as to where the cars were found interlocked, the relative position of each car at that time, or the general topography of the roads. The defendants emphatically deny plaintiff's car had come to a standstill and that they veered across the road and struck his car.

The plat of the road, and the maps giving the position of the cars at various times according to the version of each party, do not differ in regard to the fixed conditions of the road, though the maps differ decidedly as to the position of the cars at the time of the collision, but not as to the position of the cars when the force of the impact had spent itself.

In view of our decision we do not consider it wise to set forth in detail the testimony given by the witnesses, nor to express any opinion

as to the credibility of a witness. Without in any way impugning the good faith of any of the witnesses who saw the collision we are convinced that owing to the excitement occasioned by the collision, and the physical facts as agreed upon by both sides, neither party has given the correct version of how the collision took place—that is, we are convinced from the record that the version given by either side can not be harmonized with the physical facts which are not in dispute.

The motion for a new trial is based upon the affidavit of John Ek, showing what diligence was exercised, and the alleged newly discovered evidence set forth in the affidavit of one O. Buck. From these affidavits it appears Mr. Buck was travelling west on the highway No. 13 following the defendants' car at a short distance. He had both cars under observation for some time prior to the collision, and gives the approximate speed at which each was travelling. He describes the situation of each car at the time of the collision, with special reference to the intersecting roads. He appears to be a credible witness and with no interest whatever in the outcome of the law suit. He is a resident of Iowa and apparently some time elapsed before the defendants were able to ascertain his abode and secure his affidavit. By the time the affidavit was secured the case had been tried.

It is the contention of respondents that the defendants were not diligent in securing the affidavit of Mr. Buck and that in any event the testimony which he would give is merely cumulative.

There is no attempt to contradict the statements of the defendants in regard to the efforts made to ascertain the abode of Mr. Buck. In his affidavit supporting his motion for a new trial Mr. Ek says that the collision took place on a Sunday, that the next day Mr. Buck worked in the town of Gwinner and the following day left for New Rockford; that there were some negotiations between the parties to this action looking for mutual settlement of the damages and when suit was threatened by the plaintiff the defendant wrote to Buck at New Rockford but the letter was returned; that he wrote to the postmaster at New Rockford for information and was informed "that no such party was known at New Rockford;" that it was not until after the law suit was tried he was able to find any address of Mr. Buck and this came through a fortuitous statement by an employee in a rooming house that some one

in New Rockford was in correspondence with the witness Buck in Iowa; that he secured this Iowa address, wrote to Buck, received a reply and later secured his affidavit. When we examine all of the record we are convinced the defendants showed due diligence in attempting to secure the testimony of this witness for the trial.

It is said the testimony which Mr. Buck would give is merely cumulative; and that in any event the granting or refusing of a new trial for newly discovered evidence is a matter which rests within the sound judicial discretion of the trial court. This latter statement is a settled rule in this and other jurisdictions. See Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Mikkelson v. Snider, 43 N. D. 416, 419, 175 N. W. 220; Security State Bank v. Kramer, 51 N. D. 20, 198 N. W. 679. Unless there be an abuse of such discretion the order will not be disturbed. See Miller v. First Nat. Bank, post, 154, 242 N. W. 124, decided at this term.

In passing upon such application it is the duty of the trial court to ascertain whether the evidence is "newly discovered." This involves not only the personality of the witness himself but also the matter to which he would testify. It is true the record shows defendants knew in a general way that the proposed witness was in all probability an eye witness to the collision, or at least was on the scene immediately after the accident, and to that extent defendants knew there was a strong probability he could be a material witness. However there was nothing whatever to indicate defendants knew the proposed witness had observed anything material which would have a bearing upon the collision itself. While they may have known the individual might be useful as a witness, they could not know the nature of the testimony, and as to this it was "newly discovered." If they used due diligence before the trial to find this out it is sufficient. They attempted to ascertain this by discovering him. We have already held that the diligence shown was sufficient. The nature of his testimony could not have been known by them and was not known until after the trial of the case. Hence the testimony itself was "newly discovered." This would warrant a new trial, if of value and not merely cumulative. Adam Roth Grocery Co. v. Hotel Monticello Co. 183 Mo. App. 429, 166 S. W. 1125, 1127. See also Re Wood, 140 Minn. 130, 167 N. W. 358, 359.

It is the rule in this and other jurisdictions that newly discovered evidence which is merely cumulative is not sufficient to justify the granting of a new trial. Ruble v. Jacobson, 51 N. D. 671, 200 N. W. 688; Northern Trust Co. v. Bruegger, 35 N. D. 150, 159 N. W. 859, Ann. Cas. 1917E, 447; State v. Brandner, 21 N. D. 310, 130 N. W. 941; Hahn v. Dickinson, 19 S. D. 373, 103 N. W. 642; State v. Laper, 26 S. D. 151, 128 N. W. 476.

But the fact that "newly discovered" evidence may be cumulative is not ground for denying a new trial where the evidence is of such a nature as in all probability would be decisive of the case. Pengilly v. J. I. Case Threshing Mach. Co. supra. In Smith v. Garis, 125 Okla. 106, 256 Pac. 753, 754 the general rule is set forth. See also Sanchez v. State, 199 Ind. 235, 157 N. E. 1, 3.

The testimony in regard to the collision itself is given by the plaintiff, the defendants and two young ladies present in the car of the defendants and who are nieces of the defendants. The only parties to testify as to the facts of the collision itself are the interested parties. We have suggested already the inherent improbabilities in both stories, though not in any way reflecting upon the integrity of the witnesses. The proposed testimony is that of an apparently disinterested witness, whose narration of facts strongly corroborates the defendants in many particulars and in other particulars gives a reasonable and apparently probable description of the actions of the different parties at the time of the collision itself. If no other witnesses to the collision be produced at a new trial and the testimony of the witnesses be similar to' what is already given it is quite probable the testimony of this new witness will be decisive. The fact that it may corroborate one of the parties more than the other is not ground for refusing to accept it, nor ground for saying that it is purely cumulative. See Lee v. Braggman, 39 S. D. 175, 162 N. W. 788; Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72.

In Aylmer v. Adams, 30 N. D. 514, 521–533, 153 N. W. 419, this court went thoroughly into the rules governing "newly discovered evidence," its value for impeachment purposes, its effect upon a different result, whether it should be classed as merely cumulative, diligence

required and other similar features. All these are considered in passing upon this appeal from the order denying the new trial.

While we adhere to the rule that the granting or refusal of a new trial is largely a matter of discretion for the trial court, nevertheless under all the circumstances in this case we are constrained to believe that the court was in error in denying a new trial in this case, and therefore the order appealed from is reversed, and a new trial granted.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.