[File No. 6476.]

CARY MANUFACTURING COMPANY, a Corporation, Appellant, v. C. J. FERCH, Respondent.

(275 N. W. 255.)

Opinion filed September 25, 1937.

*Burdick & Burdick,* for appellant.

*Burnell, Bergesen & Haakenstad,* for respondent.

MORRIS, J. This is a suit on a promissory note given by the defendant payable to the order of the plaintiff for $661.20 payable in monthly instalments and bearing interest at 7 per cent per annum from the 15th day of December, 1933. The note represents the unpaid balance on a contract for the purchase and installation of a heating plant in the defendant's house. The total contract price was $805.00.

The defendant answered setting up failure of consideration in that the plaintiff warranted that the heating plant would heat the home of the defendant in which it was installed, and that the plant failed to function as warranted. The defendant counterclaimed for $400.00 damages for loss of tenants and $500.00 damages to his home from improper installation and for expenses and trouble in attempting to make the plant function. The plaintiff's reply is a general denial to the counterclaim. The case was tried to a jury which returned a verdict in favor of the defendant and assessed his damages at $200.00. The plaintiff moved for a directed verdict at the close of the case, which motion was denied. On January 22, 1936, an alternative motion for judgment notwithstanding the verdict or for a new trial was denied. The plaintiff later made a second motion for new trial based on the ground of newly discovered evidence. This motion was denied on April 24, 1936. The case is here on appeal from the judgment and from the

order denying a new trial on the ground of newly discovered evidence. The correctness of the trial court's order denying the alternative motion for judgment notwithstanding the verdict or for a new trial is not before us on this appeal.

No specifications of error were served with the notice of appeal from the judgment, but the appellant, in its brief, argues the specifications of error that were presented to the trial court in connection with the alternative motion which was denied by the trial court on January 22, 1936, and from which no appeal was taken. Those specifications are not a part of the appeal from the judgment and are not before us. As the record stands it is wholly devoid of any specifications of error whatsoever. A motion for a directed verdict was made and denied. If the trial court erred in the denial, it is an error of law which must be specified as such in order to become reviewable upon appeal from the judgment. This was not done. Section 7656, Compiled Laws of North Dakota, provides: "A party desiring to . . . appeal from a judgment or other determination of a district court or county court with increased jurisdiction, shall serve with the notice . . . of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict or that the evidence is of that character that the verdict should be set aside as a matter of discretion, he shall so specify."

In the case of Baird v. Stephens, 58 N. D. 812, 228 N. W. 212, after discussing the rule that a motion for a directed verdict is a necessary prerequisite to a judgment notwithstanding the verdict, the court goes on to say: "It is likewise settled by numerous decisions of this court that the sufficiency of the evidence cannot be raised in this court unless that question was raised in the trial court, either by motion for a directed verdict or by motion for a new trial, and the ruling or rulings on such motion or motions is assigned as error on appeal."

The appellant devotes much of its brief to arguing the insufficiency of the evidence. The absence of specifications of error also precludes us from considering this question. Cowan v. Rutten, 55 N. D. 494, 214 N. W. 621; Schulenberg v. Long, 57 N. D. 262, 221 N. W. 69; Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861; First Nat. Bank v. Bremseth, 60 N. D. 401, 234 N. W. 758; F. A. Patrick & Co. v. Nurnberg, 21 N. D. 377, 131 N. W. 254;

Heald v. Strong, 24 N. D. 120, 138 N. W. 1114; Massett v. Schaffner, 31 N. D. 579, 154 N. W. 653. The appeal from the judgment not being accompanied by specifications of error presents nothing for this court to review. In fairness to counsel on appeal it should be stated that the case was apparently conducted largely under the supervision of the president of the plaintiff company, who had at one time been an attorney at law in the State of Minnesota.

Despite the fact that the correctness of the trial court's ruling on the motion for directed verdict is not properly before this court, the writer has considered the sufficiency of the evidence to warrant a verdict against the plaintiff. The transcript consists of over 700 pages and presents much testimony on both sides of the controversy. It is only in event that but one conclusion can be drawn from the evidence, and that conclusion be in favor of the plaintiff, that the denial of the motion for directed verdict would constitute error. On an appeal we must adopt a view of the evidence most favorable to the respondent. Taylor v. Minneapolis, St. P. & S. Ste. M. R. Co. 63 N. D. 332, 248 N. W. 268. It is the opinion of the writer, formed after an extensive study of the transcript, that there is sufficient evidence to warrant the verdict.

We next consider the appeal from the trial court's order denying the motion for new trial based upon newly discovered evidence. The plaintiff presented the affidavit of one, Karll Mould, who was sent by the plaintiff to become a roomer in the defendant's house and unbeknown to the defendant to obtain information concerning the matter in controversy. Mould became a roomer in the defendant's house about three months after the trial and stayed for about six weeks. He relates conversations had with Mrs. Ferch in which she stated that they had no trouble in heating the house and that all of the rooms were well heated. Mould's affidavit on this point is corroborated by the affidavits of two other parties. Mrs. Ferch is not a party to this action, but was a witness on the trial and testified at considerable length concerning the unsatisfactory operation of the heating plant. Assuming that the testimony concerning Mrs. Ferch's statements is competent, it would merely tend to contradict and impeach her testimony at the trial. Such evidence does not furnish a good ground for a new trial unless it is of such probative effect as to render a different result probable

in event of a retrial. Libby v. Barry, 15 N. D. 286, 107 N. W. 972; State v. Albertson, 20 N. D. 512, 128 N. W. 1122; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court and that court's ruling thereon will not be disturbed in the absence of a manifest abuse of such discretion. Larson v. Rustad, 66 N. D. 261, 264 N. W. 526; Webster v. Ek, 62 N. D. 44, 241 N. W. 503; Baird v. Kensal Light & P. Co. 63 N. D. 88, 246 N. W. 279; Derrick v. Klein, 64 N. D. 438, 253 N. W. 70; Standard Oil Co. v. Kennedy, 54 N. D. 31, 208 N. W. 555.

Mould's affidavit also shows that during part of the time that he occupied a room in the Ferch home the weather was very cold and that the furnace heated the house comfortably during that time without working the equipment at full capacity. The defendant presented a counter-affidavit in which he states that he made material alterations and improvements in the furnace after the trial and before Mould became a roomer in the house. Thus it would appear that the alterations made would improve the heating capacity of the furnace and that the statements of Mould are of questionable competency. Furthermore, this proposed testimony is cumulative and while the cumulative nature thereof does not necessarily preclude the trial court from granting a new trial on the ground of newly discovered evidence, a refusal to do so will not, as a rule, be deemed an abuse of discretion. Fisk v. Fehrs, 32 N. D. 119, 155 N. W. 676; Ruble v. Jacobson, 51 N. D. 671, 200 N. W. 688; Webster v. Ek, 62 N. D. 44, 241 N. W. 503, supra. Thus it appears that the trial court acted within its sound judicial discretion in denying the plaintiff a new trial upon the ground of newly discovered evidence, and its order will not be disturbed.

Affirmed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., and MILLER, Dist. J., concur.

Mr. Justice BURKE did not participate, Hon. HARVEY J. MILLER, Judge of the Sixth Judicial District, sitting in his stead.